(113 So. 165)

No. 26581.

## DENNIS SHEEN TRANSFER v. GEORGIA CASUALTY CO.

April 25, 1927. Rehearing Denied May 23, 1927.

*(Syllabus by Editorial Staff.)*

1. **Insurance** ⚖=665(7)—**Evidence held not to show that liability insurer was notified of accident until nearly three months afterward.**

In action on liability insurance policy, evidence *held* not to show that defendant was given notice of accident until suit against assured was filed nearly three months afterward.

2. **Insurance** ⚖=539(5)—**Assured, not notifying liability insurer of accident until nearly three months afterward, cannot recover on policy requiring immediate notice, unless waived.**

Insured, not giving liability insurer notice of accident for nearly three months, cannot recover on policy making immediate written notice condition precedent to liability, unless giving thereof was waived.

3. **Insurance** ⚖=558(1)—**Liability insurer may waive failure to give immediate notice of accident by defending suit against assured.**

Liability insurer, by assuming defense of suit against assured, may waive failure to give immediate written notice of accident.

4. **Insurance** ⚖=558(2)—**Liability insurer held not to have waived failure to give immediate notice of accident by participating in defense of suit against assured under express reservation of right to rely thereon.**

Where liability insurer's state agent notified assured that he would return papers in suit against latter, unless informed of assured's desire that company's attorney look after matter, without committing it to assumption of case, until it determined whether to waive failure to give immediate notice of accident, assured was thereafter requested to sign non-waiver agreement, and insurer's attorneys advised insured that they were returning papers under instructions of home office, which refused to handle case, insurer did not waive failure to give such notice.

O'Niell, C. J., dissenting.

Appeal from Civil District Court, Parish of Orleans; Porter Parker, Judge.

Action by the Dennis Sheen Transfer against the Georgia Casualty Company Judgment for plaintiff, and defendant appeals. Judgment annulled and set aside, and plaintiff's demand rejected.

Edward Rightor and Eugene J. McGivney, both of New Orleans, for appellant.

Denegre, Leovy & Chaffe, of New Orleans, for appellee.

OVERTON, J. The Dennis Sheen Transfer, as its name indicates, is in the transfer business, and was engaged in that business in October, 1920. It had a policy in the Georgia Casualty Company, the defendant herein, which covered the month of October, 1920, insuring it against loss, arising from certain accidents. The policy, among other provisions, contains one, which it provides shall be construed as a condition precedent, reading as follows:

"When an accident happens the assured shall give immediate written notice thereof to the company at its home office in Macon, Ga., or to its duly authorized agent. If any claim is made on account of such accident the assured shall give like notice thereof. If any suit is brought to enforce such a claim the insured shall immediately forward to the company at its home office in Macon, Ga., every summons or other process as soon as the same is served upon him, and the company shall defend such suit (whether groundless or not) in the name and on behalf of the assured. All expenses (legal and otherwise) incurred by the company in defending such suit and all court costs assessed against the assured shall be paid by the company (whether the verdict is for or against the assured), regardless of the limits of liability expressed in condition M. The assured shall always give to the company all cooperation and assistance possible. The com-

pany shall have the right to settle any claim or suit at its own cost at any time."

On October 23, 1920, while the policy, mentioned above, was in effect, one of plaintiff's drivers, while driving a wagon belonging to plaintiff, ran into a truck, owned by E. A. Fitler, at the intersection of St. Charles avenue and Thalia streets, in the city of New Orleans. In the collision, the tongue of the wagon was rammed into the truck and mashed the left hand of Fitler's child. In a letter, dated October 26, 1920, which was received by plaintiff on October 29, 1920, Fitler, through his attorney, notified plaintiff of the accident, and of his intention to hold plaintiff liable for the injury caused his child.

After the receipt of this letter some correspondence ensued between plaintiff and Fitler's attorney in an effort on the part of plaintiff to obtain further information concerning the accident, especially the name of the driver and the number of the license plate on the wagon, but Fitler's attorney was unable to give this and other information desired, and finally plaintiff wrote him that, until the information requested had been furnished, it could do nothing towards investigating the claim of his client.

On January 20, 1921, Fitler instituted suit against plaintiff for the injury sustained by his child and for damage to his truck. Fitler was successful in this suit, obtaining a judgment against plaintiff, including principal, interest, and costs, for $2,369.75. Plaintiff paid Fitler this amount, and also paid $50 for the printing of briefs and $350 for services rendered in the case, in the trial court and on appeal, by its attorneys. Plaintiff then instituted the present suit against the Georgia Casualty Company, the defendant herein, on the policy issued by that company, to recover the foregoing amounts, aggregating $2,769.75. The defense is a denial of the allegations contained in plaintiff's petition that notice of the accident was given it by plaintiff, as provided in the policy.

[1] When suit was filed by Fitler against plaintiff, the latter delivered to defendant the copy of the petition and citation served upon it and the correspondence had between it and Fitler's attorney. On the day that the papers were delivered to it, defendant wrote plaintiff, calling its attention to the fact that the petition and papers delivered disclosed that the accident occurred on October 23, 1920; that demand was made on plaintiff three days later by Fitler's attorney; that considerable correspondence had taken place between the latter and plaintiff, none of which had been communicated to it, and that the suit against plaintiff was the first notice it had of the accident. Plaintiff claimed that it had given not only immediate written notice to defendant of the accident, as provided by the policy, but also, through its secretary and treasurer, had discussed the accident with F. A. Dicks, defendant's state agent, and with one of defendant's adjusters. Defendant still contended that it had received no such notice, and that the first knowledge it had of the accident was when the papers, relating to the suit against plaintiff, were delivered to it. Plaintiff was unable to produce, at the time, a copy of the notice, which it claimed it had mailed defendant. However, 'C. J. Kaupp, plaintiff's chief clerk, testified that later, apparently in June, 1921, several months after Fitler's suit was filed, in making, at plaintiff's instance, a search for a copy of the notice, he found a carbon copy of a letter in plaintiff's office addressed to defendant, misplaced in a file, belonging to another company, in which some of plaintiff's officers were interested, advising defendant of the accident. The letter is dated October 29, 1920, the day on which plaintiff received the communication from Fitler's attorney, advising it of the accident, and its contents

consist of a reproduction of that communication and a statement of the efforts that plaintiff was making to obtain further information. Kaupp, however, testified that he does not know whether the original of the letter was mailed to defendant or not. Sheen, the secretary and treasurer of plaintiff at the time, testified that he dictated the letter, but does not know whether it was mailed to defendant. These are the only two witnesses placed on the stand by plaintiff. Our examination of their evidence leads us to the conclusion that not only do they not know whether the letter was mailed, but do not know whether it was delivered by messenger. On the other hand, Dicks, the general agent of the company, who opens the correspondence addressed to the office, who dictates the answers to all important letters, and who refers letters advising the company of the occurrence of an accident to an adjuster for an examination into the details of the accident, testified positively that no such letter was received. The record shows that the correspondence between plaintiff and Fitler's attorney was not delivered or communicated to defendant until Fitler filed his suit, and it fails to establish that plaintiff received even verbal notice of the accident, though the contract between the parties calls for written notice, until that suit was filed, which, as stated, was nearly three months after plaintiff had knowledge of the accident. In these circumstances we must hold that it does not appear that plaintiff was given notice of the accident until nearly three months after the accident occurred.

[2] The giving of immediate notice to the insurer of the accident insured against is a matter of importance to it. Prompt notice places the insurer in a far better position to ascertain the facts relating to the accident, and the names of the witnesses by whom those facts may be established, than a notice long delayed, and frequently enables the insurer to make a more satisfactory adjustment than could be otherwise made. The policy makes the giving of immediate written notice by the assured a condition precedent to liability. Where such is the case, there can be no recovery on the policy by the assured, in the absence of the giving of the required notice, unless the giving of it has been waived. It cannot be said that notice delayed nearly three months is immediate notice. Oakland Motor Co. v. American Fidelity Co., 190 Mich. 74, 155 N. W. 729.

[3, 4] But plaintiff contends that, in this instance, defendant waived the notice by receiving from it the papers in the suit filed by Fitler, and by taking part in the defense of that suit. The assured, by assuming the defense of the suit against the assured, may thereby waive the failure to give immediate written notice of the accident. In this instance, on the same day that plaintiff delivered defendant the papers in the Fitler Case, Dicks, defendant's general agent for this state, in a letter to plaintiff, which was received, after calling plaintiff's attention to its failure to give notice, wrote plaintiff as follows:

"I have no authority to waive the provisions of the policy. However, I am notifying the main office of the facts. If it is your desire that I shall have the company's attorney look after the matter without committing it to an assumption of the case thereby until the company determines whether it will waive your noncompliance with the policy as far as this case is concerned, I shall be glad to have the company's attorneys so do. If you so desire, please write me at once. If not, I shall return the papers to you until instructed by the company whether it accepts the case or not."

Thereafter plaintiff was requested to sign an agreement, the effect of which seems to have been to reserve to defendant the right to avail itself of the failure to give immediate notice of the accident, as a defense in a suit on the policy. But plaintiff was con-

tending that it had given the required notice of the accident, and refused to sign the agreement, though raised no objection to defendant's proceeding with the defense of the case until it could be ascertained whether the home office would waive the failure to give immediate notice, or pending the production of proof by plaintiff, verifying its contentions, as to the giving of notice. On March 5, 1921, the attorneys for defendant wrote plaintiff that they were returning the papers in the case, but for some reason, which does not appear, they failed to return them on that date. However, on April 8, 1921, they wrote again, returning the papers, and advising plaintiff that they were acting under the instructions of the home office, which had refused to handle the case, and suggesting that it make arrangements with its own attorney to handle it. So far as we are able to gather, this was before the trial of the case on its merits, though it is not unlikely that defendant's attorneys had filed some pleading in the case for the plaintiff herein.

Under these circumstances we think that defendant did not waive the failure to give the notice required by the policy, for it was acting throughout under a reservation communicated to plaintiff, and plaintiff, though it refused to sign the nonwaiver agreement, raised no objection to defendant's thus proceeding with the defense of the case. See Edgefield Mfg. Co. v. Maryland Casualty Co., 78 S. C. 73, 58 S. E. 969. The authorities, cited by plaintiff, are not, in our opinion, pertinent to the facts here disclosed.

The judgment of the lower court was for plaintiff as prayed for.

For the reasons assigned, the judgment appealed from is annulled and set aside, and plaintiff's demand is now rejected, at its cost in both courts.

O'NIELL, C. J., dissents.