EDWARDS v. FIDELITY & CASUALTY CO. OF NEW YORK

———

(June 10, 1929. Opinion and Decree.)

———

See, also, 120 So. 881.

McCloskey & Benedict, of New Orleans, attorneys for plaintiff, appellant.

Thatcher, Browne, Porteous & Myers, of Shreveport, attorneys for defendant, appellee.

JANVIER, J. Fidelity & Casualty Company of New York, defendant and appellee, issued a policy of automobile liability insurance to T. P. Monahan, Sr., under which it agreed to indemnify Monahan against loss resulting from injury to person or property caused by his automobile.

Plaintiff, having been injured by Monahan's automobile, filed suit and obtained judgment against Monahan. As Monahan did not suspensively appeal from this judgment, plaintiff caused execution to issue, which execution was returned "nulla bona" while the devolutive appeal was still pending in this court.

After the return of "nulla bona," plaintiff attempted by garnishment proceedings

to force the present defendant and appellee to pay direct to him the amount due him by Monahan under the judgment. He was unsuccessful in this method of procedure, and thereafter, while the devolutive appeal in this suit against Monahan was still pending, brought this suit directly against the present defendant, alleging that it, as the insurer of Monahan, was liable directly to him by reason of the terms of the policy and because of the law of Louisiana, particularly Act 253 of 1918, section 1 of which reads as follows:

"Section 1. Be it enacted by the General Assembly of the State of Louisiana, That, after the passage of this act, it shall be illegal for any company to issue any policy against liability unless it contains a provision to the effect that the insolvency or bankruptcy of the assured shall not release the company from the payment of damages for injury sustained or loss occasioned during the life of the policy, and, in case of such insolvency or bankruptcy, an action may be maintained *within the terms and limits of the policy* by the injured person or his or her heirs, against the insurer company."

There appears in the policy issued by defendant to Monahan the following stipulation:

"The company shall not be liable to pay any loss nor shall any action be brought against the company to recover under this policy until a final judgment shall have been recovered against the assured in a suit covered hereby. If an execution on a judgment recovered in a suit against the assured covered by this policy is returned unsatisfied, the judgment creditor shall have a right of action to recover the amount of such judgment against the company to the same extent that the assured would have had to recover against the company had the assured paid the said judgment; but in no event shall the company's liability exceed the limits expressed in this policy. The insolvency or bank-

ruptcy of the assured shall not release the company from any payment for which it would otherwise be liable under this policy."

The policy also contained a provision to the effect that the assured "agreed and bound himself to give immediate written notice of any accident which might occur within the terms and conditions of said policy, at the same time giving to respondent the 'fullest information obtainable at the time' of all the details and circumstances of the accident."

Defendant resists payment on two grounds: First, that no notice of the happening of the accident was received by defendant until eleven months after the injury sued for was sustained; and, second, that at the time this suit was filed, the judgment in the first suit had not become final nor was the insolvency or bankruptcy of the assured proven.

The trial court held that the terms and conditions of the policy had not been complied with, and that, inasmuch as the failure of Monahan to comply with those terms and conditions would have prevented him, had he paid the judgment, from recovering from his insurer, plaintiff in this suit can have no greater rights than had Monahan, and therefore cannot recover directly against Monahan's insurer, although he might have had such right of action had notice been given. In other words, that Edwards' right was lost as a result of Monahan's neglect.

If the failure of Monahan to give the insurer notice of the accident operates to deprive plaintiff of such rights, as, under the statute and under the policy, he would otherwise have had, then the right, which the statute creates and which the policy recognizes, is of doubtful value, because the

existence of that right in one person depends upon the actions of another.

It is quite evident that, except in very rare cases, the party injured by the negligence of another has no knowledge as to whether or not that other is insured, and if he has ordinarily no knowledge as to whether there is any insurance at all, then, clearly, he has no knowledge as to who the insurer may be if there is one. It is therefore not within his power to give the notice required by the policy, and, if notice is essential to his recovery, his right must, as we have stated, depend upon the other party. We do not think that such was the intention of the legislators.

It is quite true that Monahan's failure to give notice to his insurer would have prevented his recovery from the insurer, had he himself paid the judgment (Dennis Sheen Transfer vs. Georgia Casualty Co., 163 La. 969, 113 So. 165), but that is because Monahan had so contracted. As between parties to a contract, the contract itself is the law of the case. Here, however, the law of the case is not found solely within the four corners of the policy of insurance, but is contained primarily in the statute to which we have referred.

We think that it was the purpose of the statute to create, immediately upon the happening of the accident, a cause of action in the injured party against the insurer, if any, of the party at fault. Of course, the right to present and enforce this cause of action is conditioned upon the obtaining of a judgment against the party at fault and upon unsuccessful efforts to collect that judgment, but these are conditions with which it is within the power of the injured party to comply. If he cannot comply with them he has only himself to blame.

But, argues defendant, the statute itself provides that such action as the injured party may maintain shall be "within the terms and limits of the policy," and since the policy requires notice, and since no notice was given in this case, this action is not brought within the terms and limits of the policy. We think that the words "terms and limits of the policy" were not intended to include the requirements of notice, but referred only to the amount which might be recovered and to those other warranties and conditions with which it was within the power of plaintiff to comply. As was said in Rokes vs. Amazon Insurance Co., 51 Md. 512, 34 Am. Rep. 323:

"In regard to the clause in the policy that provides 'no waiver or modification of any of the terms or conditions of this policy shall be made in any event,' it is sufficient to say that it refers to those conditions and provisions of the policy, which enter into and form a part of the contract of insurance, and are essential to make it a binding contract between the parties, and which are properly designated conditions;—*and that it has no reference to those stipulations which are to be performed after a loss has occurred, such as giving notice and furnishing proofs of loss.*"

We are told that it works a hardship on the insurer to be called on to defend an action of this kind, as he has had no prior knowledge of the accident and is not in a position to make a defense. As to the hardship and disadvantage under which the insurer labors, and the difficulty under which the injured party finds himself, we think that the ends of justice require that the benefit of the doubt should be given to the injured party, who is in no way at fault, and whose loss was caused entirely by some one else, as against the insurer who has entered into the contract with full knowledge of the statute and for a monetary consideration.

The argument that no cause of action exists in the injured party against the insurer until, in addition to the unsuccessful attempt to execute the judgment, there has been a judicial declaration of the insolvency or bankruptcy of the assured, does not impress us. Defendant argues that the conditions, insolvency or bankruptcy and an unsatisfied judgment, are both prerequisites, and that the insolvency or bankruptcy, although it may in fact exist, is not sufficient until there is a judicial recognition thereof. If this were the intention of the policy, and if such were permissible under the statute, the injured party, failing in his attempt to execute his judgment, would find himself under the necessity of instituting an action of involuntary bankruptcy or being able to prove the insolvency of the assured, and, as a practical proposition, there would be little possibility of his doing either. It is our opinion that the conditions to which we have referred were not intended to be cumulative, but that the second, an unsatisfied execution, was intended to be, for the purpose of the policy, proof of the first, insolvency or bankruptcy. Any other interpretation would, we believe, be unreasonable.

Defendant contends that insolvency must be proven judicially, and in support of this contention our attention is called to the following cases: Millaudon vs. Foucher, 8 La. 582; Harrod vs. Burgess, 5 Rob. 449; Denegre vs. Milne, 10 La. Ann. 324; Seixas vs. Bank, 38 La. Ann. 443; Michael vs. Babin, Sheriff, 19 La. Ann. 197; Abat and Generes et al. vs. Penny et al., 19 La. Ann. 289.

There are recognized in our law two kinds of insolvency, actual insolvency and declared insolvency. State National Bank vs. N. O. Brewing Association et al., 49 La. Ann. 934, 22 So. 48.

Actual insolvency is all that is necessary in this case.

R. C. C. art. 1985, provides:

"By being in insolvent circumstances is meant, that the whole property and credits are not equal in amount, at a fair appraisement, to the debts due by the party. And if he, who alleges the insolvency shows the amount of debts, it is incumbent on the other party to show property to an equal or greater amount. To prove the state of his affairs at the period of the contract, the debtor may, at the option of the plaintiff, be examined as a witness in the action for annulling the contract."

It thus appears that the party who contends that the other is insolvent need only show the debts in order to shift the burden to the other, who, in order to escape the effects of insolvency, must show property equal to or greater in value than the amount of the debts. The judgment itself is a debt which places upon Monahan or his insurer, who may wish to escape the effects flowing from his insolvency, the burden of proving solvency. Until such proof is offered, insolvency may be presumed.

Nor do we concur in the view that the judgment, in the first case, was not final when this suit was filed.

That judgment was final in the sense that execution could issue thereon, and if such execution, when issued, was returned unsatisfied, the condition precedent to the presentation of this cause of action was complied with. If defendant's argument is sound, the result would be that an assured and his insurer, in a case where the assured is execution proof, as Monahan evidently was, could allow almost a year to elapse without an appeal, during all of which time the injured party could not collect his judgment, but during which time he could not bring his action against the insurer. At the last moment the as-

sured could then take a devolutive appeal, and, during the pendency of that appeal, the injured party would still be unable to collect his money or to bring his action against the insurer. We are convinced that what the statute intended and what the policy meant was that the injured party, as soon as he had the right to execute the judgment against the assured, and as soon as he was unsuccessful in the exercise of that right, should have a cause of action against the insurer.

For these reasons we believe that the lower court was in error in dismissing this suit; and

It is therefore ordered, adjudged, and decreed that the judgment appealed from be and it is annulled, avoided, and reversed, and that there now be judgment in favor of plaintiff, R. Lee Edwards, and against defendant, Fidelity & Casualty Company of New York, in the full sum of $1,000, with legal interest from judicial demand and for all costs.