12212

OTT v. AMERICAN FIDELITY & CASUALTY CO.

(159 S. E., 635)

*Messrs. Cooper & Winter, A. F. Spigner* and *J. B. Mc-Laughlin,* for appellant,

*Messrs. Ashley C. Tobias, Jr.,* and *Charles I. Dial,* for respondent,

July 29, 1931.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

This is an action on a liability insurance policy, issued by the American Fidelity & Casualty Company, and filed with the State Highway Commission by the Carolina Transit Company in accordance with Section 5 of Act No. 170 of the 1925 statutes (page 255), which provides that the State Highway Commission (now the State Railroad Commission, Acts 1928, page 1238), shall require every applicant for a certificate for passenger carrying vehicles on improved public highways of the State "to procure and file with said commission liability and property damage insurance * * * on such motor vehicle or vehicles to be used in the service aforesaid * * * insuring or indemnifying passengers and the public receiving personal injury by reason of any act of negligence * * * ; such policy * * * to con-

tain such conditions, provisions, and limitations as the commission may prescribe. * * * "

On February 13, 1928, plaintiff served on the transit company and the casualty company a summons and complaint in a suit for damages for personal injuries alleged to have been caused, on September 28, 1927, by the transit company's negligent operation of a bus covered by the policy. The Circuit Judge ordered a nonsuit as to the casualty company in consequence of the following provision in the policy: "The company shall not be liable to pay any loss or shall any action be brought against the company, to recover under this policy until a final judgment shall have been recovered against the assured in the Court of last resort after trial of the issue." Plaintiff obtained judgment against the transit company for $1,950.00, and from this judgment there was no appeal.

Execution was issued, but, the transit company being insolvent, was returned unsatisfied, whereupon plaintiff brought this action against the casualty company to recover the amount of his judgment. The defense was failure of the assured to comply with the following provisions of the policy: "Upon the occurrence of an accident, the assured shall give immediate written notice thereof, to the company at its home office in Richmond, Virginia, or to its duly authorized agent, with the fullest information obtainable at the time. If a claim is made on account of such, the assured shall give like notice thereof immediately after such claim is made, with full particulars. If thereafter any suit is brought against the assured to enforce such claim, the assured shall immediately forward to the company at its home office every summons or other process as soon as the same shall have been served on him. Whenever requested by the company the assured shall aid in securing information, evidence, and the attendance of witnesses; in effecting settlements; and in prosecuting appeals; and the assured shall at all times render to the company all possible cooperation and assistance."

Plaintiff and defendant each made a motion for a directed verdict. Both motions were refused, the jury found for the defendant, and the plaintiff appeals.

Respondent's contention was, throughout the trial of the case, and is, that it had no notice whatever of the occurrence of the accident until the date it was served with the summons and complaint in the suit brought by the plaintiff against it and the transit company, or about four and one-half months after the accident; that under the terms of the contract immediate notice of the accident was imperative and an essential element of the effective validity of the policy; and that, no such notice having been given, there can be no recovery against the insurer.

This position would undoubtedly be correct in a suit brought against the insurer by the insured, but the same rule would not necessarily apply in a suit by an injured member of the public. We must assume that the policy was intended, not to evade, but to effectuate the purposes of the statute in compliance with which it was filed, and it must be construed in the light of such statute. *Curtis v. Michaelson*, 206 Iowa, 111, 219 N. W., 49; *Edwards v. Fidelity & Casualty Company*, 11 La. App., 176, 123 So., 162. The manifest purpose of the statute is the protection of passengers and members of the public who may be injured by negligence of bus operators, and a policy issued for such purpose must be construed most strongly against the insurer. *Curtis v. Michaelson, supra*. In the light of these principles, the matter would appear to be set at rest by the following provision of the policy: "The insolvency or bankruptcy of the assured shall not release the company from any payment for which it would otherwise be liable under this policy, and if such insolvency or bankruptcy shall occur and an execution on a judgment recovered in a suit against the assured covered by this policy is returned unsatisfied, the judgment creditor shall have a right of action to recover the amount of such judgment against the company to the same extent

that the assured would have had to recover against the company had the assured paid the said judgment; but in no event shall the liability of the company exceed the limits expressed in the policy."

This language can have no other meaning than that, under the specified conditions, a judgment creditor has the right to recover the amount of his judgment from the insurer up to the amount specified in the policy, this amount being limited, under another provision to $5,000.00 in the case of injury or death of one person, the effect of the language "to the same extent," etc., being to limit the amount of recovery on a judgment to $5,000.00, even though the injured person has recovered a judgment against the bus operator in excess of that amount. By the provision in question the insurer contracted to pay to the injured person, under the conditions named therein, the amount of his judgment (not the damages he may have sustained), not exceeding $5,000.00. It must be borne in mind that the suit here is brought to recover on the judgment and not for the negligence of the insured, such negligence having been established in the former suit.

In *Edwards v. Insurance Company, supra,* the policy contained the following provision: "If an execution on a judgment recovered in a suit against the assured covered by this policy is returned unsatisfied, the judgment creditor shall have a right of action to recover the amount of such judgment against the company to the same extent that the assured would have had to recover against the company had the assured paid the said judgment; but in no event shall the company's liability exceed the limits expressed in this policy. The insolvency or bankruptcy of the assured shall not release the company from any payment for which it would otherwise be liable under this policy."

This language is almost identical with the language of the policy in the case at bar, and the Court, after remarking that

the law of the case is not found solely within the provisions of the policy, but is contained primarily in the statute, said: "We think that it was the purpose of the statute to create, immediately upon the happening of the accident, a cause of action in the injured party against the insurer, if any, of the party at fault. Of course, the right to present and enforce this cause of action is conditioned upon the obtaining of a judgment against the party at fault and upon unsuccessful efforts to collect that judgment, but these are conditions with which it is within the power of the injured party to comply. If he cannot comply with them he has only himself to blame." See, also, *Gillard v. Insurance Company,* 93 N. J. Law, 215; 107 A., 446, and *Kruger v. Indemnity Exchange,* 201 Cal., 672; 258 P., 602, in which somewhat similar provisions of liability policies were construed.

It is urged that it would work great hardship on the insurer to require him to defend a case involving an accident as to the occurrence of which he has had no prior notice, as he would be thus deprived of an opportunity to adequately prepare his defense. The same point is raised and well answered in the *Edwards case,* in which the Court said: "As to the hardship and disadvantage under which the insurer labors, and the difficulty under which the injured party finds himself, we think that the ends of justice require that the benefit of the doubt should be given to the injured party, who is in no way at fault, and whose loss was caused entirely by some one else, as against the insurer who has entered into the contract with full knowledge of the statute and for a monetary consideration."

Furthermore, it appears to us that to allow the insured's failure to give notice of the accident to prevent the injured person's recovery would be to practically nullify the statute by making the enforcement of the rights of the person intended to be protected dependent upon the acts of the very person who caused the injury.

Nor do we think the fact that the statute provides that the policy shall contain "such conditions, provisions, and limitations as the commission may prescribe," changes the rules of construction or the reasons therefor in any way. The commission, in prescribing the provisions of the policy, had a right to assume that they would be construed in accordance with established principles of law and in view of the purpose of the statute, namely, the protection of the public. It will be observed further that, while the policy provides that "the assured, by acceptance of the policy, agrees" to the conditions specified therein, including the giving of immediate notice of the accident, there is no stipulation that innocent persons for whose benefit the policy was given should be bound by such conditions; and it may well be that such stipulation was omitted in view of the purpose of the policy under the statute and the quoted provision as to a judgment creditor's right of recovery.

It follows, from what we have said, that plaintiff's motion for a directed verdict should have been granted. The judgment of the trial Court is reversed, and the case remanded with instructions that judgment be entered up for the plaintiff under Rule 27 of this Court.

Mr. Chief Justice Blease and Mr. Justice Carter concur.

Mr. Justice Cothran (dissenting) : The plaintiff alleges that on or about September 28, 1927, he was injured upon a public highway of the State by an automobile bus, a public carrier, owned and negligently operated by Carolina Transit Company, and in an action against it he recovered a judgment of $1,950.00, with interest from November 19, 1928.

In compliance with the Act of 1925, 34 Stat., 252, the Carolina Transit Company had prior to the date of the injury sustained by the plaintiff filed with the railroad commission the policy required by the Act, issued by the defendant in the sum of $10,000.00, "insuring or indemnifying

passengers and the public receiving personal injury by any act of negligence" of the transit company. The policy was accepted and approved by the commission and a license granted to the transit company.

The statute provides: " * * * Such policy or bond to contain such conditions, provisions, and limitations as the commission may prescribe." (Section 5.)

The policy contained the following provisions and conditions:

"(a) Upon the occurrence of an accident the assured shall give immediate written notice thereof to the company;

"(b) That the assured shall give full information with reference to the accident;

"(c) That the assured shall give notice of any claim made immediately after such claim is made, with full information thereon;

"(d) That the assured shall forward to the company, summons or other process, in the event suit shall be brought, as soon as the same shall have been served;

"(e) That the assured shall aid in securing information, evidence, and the attendance of witnesses in effecting settlements and in prosecuting appeals, and the assured shall cooperate with the company, and render all possible assistance in the defense of any action."

The plaintiff first brought an action against both the transit company and the insurance company, but suffered a nonsuit as to the insurance company. He then recovered a judgment against the transit company, and had execution issued which was returned *nulla bona*. He then instituted the present action against the insurance company.

The case was tried by his Honor, Judge Whaley, and a jury. His Honor charged the jury that the insurance company had the right to rely upon the provisions and conditions above set forth, and that, if they believed that they had not been complied with, the defendant was entitled to a verdict. The jury rendered a verdict in favor of the defendant, and

from the judgment entered thereon the plaintiff has appealed.

The controlling issue in the case is whether the defendant company has the right to rely upon the conditions and limitations above set forth. The contention of the plaintiff is that that is an issue only between the insured transit company and the insurance company; that the plaintiff, a beneficiary of a statutory protection, is not bound thereby.

As a general rule one who claims the benefit of a contract between two others, where it is plain that it was intended directly for his benefit as well as that of the contracting parties, is bound by such provisions in the contract as would be binding upon the parties directly executing it. But where the contract is one prescribed by statute, and is mainly for the benefit of a third party, the terms of the statute are read into the contract. Many cases cited by the appellant sustain this proposition, as to which there appears to be no controversy.

In the present instance the statute provides for the insertion of such "conditions, provisions, and limitations as the commission may prescribe." Conditions and limitations clearly refer to such provisions of that nature as would be intended for the protection of the insurance company. The policy which contained them, upon which the defendant relies, was presented to, accepted by, and filed with the commission. There can be no difference between a prior requirement or permission to insert certain conditions and an acceptance of them when the policy was presented.

If the commission had not been willing to accept the policy with those conditions and limitations, they should have so indicated at the time. Doubtless, considering their vital importance as they appeared to the insurance company, the insurance company would have declined to issue the policy without them. The commission, through whom the plaintiff claims a derivative right, should be estopped from contesting the right of the insurance company to insist upon them. As a matter of fact, the plaintiff, relying upon the bond,

alleges that it was filed "in compliance with the statute laws of the State of South Carolina."

The contention of the plaintiff practically is that the insurance company is absolutely bound by the judgment which he has recovered against the bus company, regardless of the fact that it was not a party thereto; that it cannot go behind the judgment and show that certain conditions contained in the policy have not been complied with, and that certain limitations of its liability also contained therein cannot be insisted upon. No such result is justified either under the statute or under the terms of the policy. The statute not only allows, but requires, the insertion of such conditions and limitations as may be prescribed by the commission. The policy specifically limits the recovery by the injured person upon the judgment obtained by him against the bus company, "to the same extent that the assured would have to recover against the company, had the assured paid the judgment." Tried by this square, could there be any doubt but that, if the bus company had paid the judgment rendered against it and had then sued the company for reimbursement, it would have been bound by the conditions and limitations contained in the policy?

It is suggested that the effect of the limitation "to the same extent," etc., is to limit the amount recovered on a judgment to $5,000.00; if that be true, it was entirely unnecessary to add "but in no event shall the liability of the company exceed the limits expressed in the policy."

It is insisted that the language of the quoted provision of the policy can have no other meaning than that a judgment creditor has the right to recover the amount of his judgment from the insurer; that by the provision in question the insurer contracted to pay to the injured person the amount of his judgment not exceeding the sum named. Such a construction ignores the condition that the judgment creditor shall have the same right to recover upon the judgment and to the same extent that the insured would have had to recover

against the company had he paid the judgment; that limitation means nothing, if it does not mean that the injured person suing upon his judgment can recover nothing if the insured under the circumstances would be deprived of the right to recover by a breach of the conditions of the bond or by reason of the limitations imposed upon such right.

In the case of *Edwards v. Fidelity Company*, 11 La. App., 176, 123 So., 162, cited to sustain the plaintiff's contention, the Statute of Louisiana provided that, in the event of the insolvency of the insured carrier, the injured person might maintain an action "within the terms and limits of the policy" against the insurance company. The policy contained a stipulation practically the same as in the present policy. It was held that the insurance company could not claim immunity on account of a breach of condition in the policy or by reason of a limitation therein, upon either the statutory apparent limitation or the contractual limitation contained in the policy. The reasoning of the Court is not satisfactory or convincing. Apparently it is based upon the theory that, notwithstanding the statute and the limitation in the policy, the person injured cannot be charged with a duty imposed upon the insured. We fail to see why he should not be if he has so contracted. A member of the public injured by the negligence of a public bus is assumed to know that such carrier is required by law to file a bond with the commission; a prompt inquiry would develop that fact and the name of the indemnity company with a knowledge of the requirements of the policy, a public document open to public inspection. The Court upon application would compel the insured carrier to comply with the conditions. It was no more difficult promptly to obtain the name of the insurance company than when the injured person determined to bring suit. A prompt demand would in all probability excuse the injured party from a strict compliance with the conditions. There is much less risk of collusion between the carrier and the insurance company than between the carrier and the injured

person. The accident occurred in September, 1927; suit was entered against the carrier and against the insurance company in February, 1928. It surely did not take five months to learn that the bus company carried insurance and the name of the company. It appears that the first news of the accident was the service of the papers.

In the case of *Gillard v. Ins. Co.,* 93 N. J. Law, 215, 107. A., 446, 447, also cited in support of the plaintiff's contention, the statute and the policy both provided for the absolute liability of the insurance company to respond to any judgment the injured person might obtain against the bus company. Manifestly it has no application to the case at bar. The Court there said: "The contention, it is obvious, ignores the express provision of the policy already quoted, which manifestly was contemplated to meet the situation here presented; for it provides 'that notwithstanding anything herein contained to the contrary, this company will pay any final judgment within the limits of this policy, recovered by any person or persons,' " etc.

The case of *Curtis v. Michaelson,* 206 Iowa, 111, 219 N. W., 49, also cited in support of the plaintiff's contention, involved and was decided upon the terms of a statute which imposed upon an insurance company an unqualified liability for an injury to a member of the public, regardless of any limiting clauses in requirements of the policy.

The case of *Kruger v. California Exchange,* 201 Cal., 672, 258 P., 602, involved a statute of California which imposed an absolute liability upon the insurance company to pay any judgment recovered by an injured person by reason of the negligent act of the insured carrier. The case contains an interesting review of the unqualified agreement of the party to respond to the result of litigation between others with which he may not have been connected.

In *Roth v. Casualty Co.,* 202 App. Div., 667, 195 N. Y. S., 865, 866, it was held that, where the insured is insolvent, in an action by the injured person on automobile lia-

bility policy, under the New York Statute, which where insured is insolvent permits such action "under the terms of the policy," the quoted phrase means that the insurer has all the defenses which it could properly urge against insured under the policy provisions.

In *Schoenfeld v. Fidelity Co.*, 203 App. Div., 796, 197 N. Y. S., 606, 608, it was held that, under the New York Insurance Law, providing that, where insured is insolvent, one who has recovered judgment against insured, on which execution has been returned unsatisfied, may recover on a liability insurance policy to the extent of the judgment and "under the terms of the policy," the right of recovery is not independent of the terms of the policy, and hence a violation by the insured of a stipulation in the policy that he will cooperate in the defense of the action against him is a defense to an action on the judgment.

In *Smith v. Ins. Co.*, 102 Or., 569, 202 P., 1088, 19 A. L. R., 1444, it was held that under a policy making the loss payable to a third person the payee is not ordinarily a party to the contract, but only an appointee whose rights are dependent on the rights of the insured, and a violation by the insured of the conditions of the policy will forfeit the rights of the appointee.

In *Hermance v. Globe Co.*, 221 App. Div., 394, 223 N. Y. S., 93, it was held that a liability insurer may assert any defense against an injured person which it might have asserted against the insured.

In *Coleman v. Casualty Co.*, 247 N. Y., 271, 160 N. E., 367, 72 A. L. R., 1443, it was held, as respects the insured's breach, the right of an injured person to recover against liability insurance carrier was held coextensive with the insured's rights.

In *Weiss v. Fidelity Co.*, 131 Misc. Rep., 836, 228 N. Y. S., 314, it was held that the insurer under an automobile liability policy, sued by an injured person, could assert any defense available in an action by the insured. In this case it

was held that insurer reserving rights was held not liable under automobile liability policy to injured party, if insured failed to give immediate notice of injury.

In *Rushing v. Ins. Co.*, 251 N..Y., 302, 167 N. E., 450, it was held that one recovering a judgment against the insured for injuries stood in the shoes of the insured and must abide by his case when suing on policy.

In *Peeler v. Casualty Co.*, 197 N. C., 286, 148 S. E., 261, it was held that the owner of an automobile struck by the car of the insured cannot recover from a liability insurer where the insured could not recover owing to his failure to give notice of the accident.

In *Miller v. Ins. Co.*, 50 R. I., 166, 146 A., 412, it was held that an insurer proceeded against under a statute making the insurer directly liable to injured party could set up the defense that notice of litigation against insured was not given as required by the policy.

In *Royal Indemnity Co. v. Morris* (C. C. A.), 37 F. (2d), 90, it was held that the violation by the insured of material conditions in an automobile liability policy prevents recovery thereon by the injured person.

In *Clements v. Ins. Co.* (C. C. A.), 41 F. (2d), 470, it was held that the failure of the insured to give notice of the accident, as required by the policy, relieves the company from liability thereon.

In *New Jersey Company v. Love* (C. C. A.), 43 F. (2d), 82, it was held that the person injured, the same as the insured, must comply with the terms and conditions of automobile liability .policy before entitled to recover thereunder.

In *Koontz v. Casualty Co.* (Wash.), 297 P., 1081, it was held that, where the insured could not have recovered under automobile liability. policy, the person damaged by the automobile of the insured could not recover from the insurer.

The judgment of this Court should be that the judgment appealed from be affirmed.