## HARTFORD STEAM BOILER INSPECTION & INS. CO. v. PARKER GRAVEL CO.

### No. 4698.

Court of Appeal of Louisiana. Second Circuit.

March 29, 1934.

Oliver & Digby, of Monroe, for appellant.

McHenry, Montgomery, Lamkin & Lamkin, of Monroe, for appellee.

DREW, Judge.

Plaintiff sued the defendant for $658.51, with legal interest thereon from May 1, 1932, until paid, alleging same was the amount of premiums due on certain contracts of insurance issued by plaintiff to defendant, insuring defendant against accidental damage to certain of its machinery.

Defendant admitted it purchased the contracts of insurance, but denied in its answer that it was indebted for them. Assuming the position of plaintiff in reconvention, it alleged that plaintiff was due to it $825 under said policies of insurance for damage sustained by its machinery, which damage was covered by two of said insurance policies. It alleged that on November 7, 1932, the crown sheet in its locomotive boiler, designated as 336, was burned, and the damage amounted to $675, which it itemized; that on December 2, 1932, the left mud ring corner in said boiler gave way because it was not strong enough to stand the pressure under the prevailing conditions, causing damage in the sum of $150; that on December 6, 1932, its twenty horse power Fairbanks-Morse motor burned to the extent that it had to be rewound at a cost of $70. It prayed for judgment in reconvention against plaintiff in the sum of $825.

Plaintiff filed a motion to strike out the reconventional demand for the reason it did not set out a cause of action. This motion was overruled, and the case tried on its merits, resulting in the judgment for plaintiff as prayed for and rejecting the reconventional demand of defendant. From this judgment defendant has appealed, and plaintiff has answered the appeal praying that its exception of no cause of action be sustained.

We are of the opinion that the motion to strike out, which is in fact an exception of no cause of action to the reconventional demand, is meritorious, but, due to our determination of the case on its merits, which will finally dispose of the case where sustaining the exception will not, we prefer to pass upon the merits of the case.

As to the claim of plaintiff for judgment for premiums due, it has proved its case, and defendant did not contest this claim on the trial in the lower court. Therefore plaintiff is entitled to judgment as prayed for. The only part of the case in contest here is the reconventional demand of defendant.

The two policies of insurance under which defendant is claiming in reconvention were issued, respectively, on April 1 and 7,

1932. They were canceled on December 17, 1932, for nonpayment of premiums. The accidents for which defendant claims in its reconventional demand occurred November 7, 1932, December 2, 1932, and December 6, 1932. The only written demand made on plaintiff by defendant that was proved was a letter of date February 3, 1933. Defendant attempted to prove by parol that it made written demand on or about November 15, 1932. It has failed to establish such a written demand by a preponderance of the evidence which is required of it. It is not shown that plaintiff in any manner waived the requirements of a written demand as stipulated in the policies in the following language: "The Company shall not be liable for loss from an accident unless written notice thereof is given by or on behalf of the assured to the Company or to any of its authorized agents, as soon as practicable."

The authorized agent of plaintiff lived and operated its business in the same city as the manager and vice president of defendant company, and no excuse is given for not having given written notice to plaintiff of the accidents prior to February 3, 1933. The long delay in giving the written notice is a bar to the recovery by defendant on its reconventional demand.

In dealing with the same question, our Supreme Court, in case of Dennis Sheen Transfer Co. v. Georgia Casualty Co., 163 La. 969, 113 So. 165, 166, had the following to say: "The giving of immediate notice to the insurer of the accident insured against is a matter of importance to it. Prompt notice places the insurer in a far better position to ascertain the facts relating to the accident, and the names of the witnesses by whom those facts may be established, than a notice long delayed, and frequently enables the insurer to make a more satisfactory adjustment than could be otherwise made. The policy makes the giving of immediate written notice by the assured a condition precedent to liability. Where such is the case, there can be no recovery on the policy by the assured, in the absence of the giving of the required notice, unless the giving of it has been waived. It cannot be said that notice delayed nearly three months is immediate notice. Oakland Motor Co. v. American Fidelity Co., 190 Mich. 74, 155 N. W. 729."

Also, to same effect, is Edwards v. Fidelity & Cas. Co., 11 La. App. 176, 123 So. 162; 76 A. L. R. notes on pages 67, 68, and 69.

There is another stipulation in the policy which reads as follows: "The Company shall have reasonable time and opportunity to examine the property and the premises of the assured before repairs are undertaken or physical evidence of the accident is removed except for protection or salvage."

In this case the repairs were made to the machinery before plaintiff was even notified of the accident, and plaintiff therefore was denied the right to examine the property before it was repaired, a right given it under the above-quoted stipulation in the policies. The violation of either or both of the quoted stipulations in the policies by the defendant would bar its recovery.

We therefore conclude that defendant's failure to comply with the provisions of the policies is a bar to its recovery, and its demands in reconvention are rejected at its cost.

It therefore follows that the judgment of the lower court is affirmed, with costs.