In my opinion, the notice of the accident given the insurance company in this case was a substantial compliance with the policy requirement under the particular facts and circumstances disclosed by the record.
As between the insured and the insurance company, undoubtedly they had a right to enter into a contract making it a condition precedent for the insured to recover against the company for a loss that he give notice of the accident to the company "as soon as practicable". As between them, a delay in giving such a notice for a period of eighty two days, or nearly three months, would not have been sufficient without some reasonable excuse for the delay, as was held in the case of Dennis Sheen Transfer v. Georgia Casualty Co., 163 La. 969, 113 So. 165. But a notice given twenty six days after the accident would have been sufficient and a substantial compliance with the policy requirement for immediate notice, according to the decision in the case of Jones v. Shehee-Ford Wagon Harness Co., Inc., et al., 183 La. 293, 163 So. 129, 131. In the absence of any special circumstances excusing prompt notice, it would seem that the twilight zone for giving notice of the accident as between the insured and the insurer is somewhere between twenty six days and nearly three months according to the above two decisions of the Supreme Court.
Of course, the courts cannot fix an arbitrary period in which notice must be given where the policy requires immediate notice, or notice as soon as practicable. What is a reasonable notice must depend very largely on the circumstances of each case. The court must consider the opportunity of the insured to give notice, his belief or non-belief, as to possible liability, and the extent to which the insurer might be prejudiced by an unreasonably delayed notice. In the last-cited case above, the Supreme Court held that, "the law does not require the insured to give notice to the insurance company of an accident unless the insured has reason to believe that the accident has caused or will cause loss covered by the policy."
In the present case, it is clear from the record that the insured Toler was led to believe by the acts and statements of the plaintiffs that he would not be held liable for the tragic death of the child, and he had reasonable grounds to believe that there was no necessity for reporting the accident until it was brought home to him that a suit would be filed against his insurer. After this knowledge was brought home to him he did notify the company within a reasonable time, and there is no charge or intimation of any fraud or collusion between the plaintiffs and the insured Toler which created the situation resulting in the delay in giving notice. Nor is there any reason to believe that the delay caused the insurance company any prejudice whatever in the defense of the suit — it was in just as good position eighty two days after the accident to protect its rights as it would have been twenty six days after the accident. *Page 771 
What has been said does not take into consideration the question strenuously urged in this case by counsel for plaintiffs that as between plaintiffs, third parties to the contract of insurance, and the insurance company the requirement of notice as a condition precedent to liability on the part of the insurer does not apply unless the insurer is shown to have been prejudiced by the delayed notice. Under the jurisprudence, this contention has considerable merit. The Courts of Appeal are not in harmony on the question, and the Supreme Court (evidently recognizing that there is some merit in the contention) refused to pass directly on this point in the case of Jones v. Shehee-Ford Wagon Harness Co., supra, and made the following significant statement in that case: "This conclusion makes it unnecessary to consider the question whether a breach of a contract of public liability insurance, by a failure of the insured to give the insurer immediate notice of an accident, should defeat the right of action of the injured person, as well as the right of action of the insured, under the provisions of Act No. 55 of 1930."
In the case of Duncan v. Pedare et al., 161 So. 221, this court held on the first hearing that the failure of the injured party to give the insurer notice of the accident for a period of over eight months did not bar the right of the third party to hold the insurer liable in a direct action against the company under Act 55 of 1930, where the injured party did not find out the extent of his injuries for several months and gave notice to the insured 26 days thereafter, and the latter gave notice to the company two days later. However, on a rehearing of this case, Duncan v. Pedarre, La. App., 164 So. 498, the majority of the Court as then constituted reversed its previous ruling and held that the failure of the insured to give the insurer timely notice of the accident had the effect of relieving the insurer from liability to the party injured. The author of the majority opinion in the present case dissented and gave reasons which, in my opinion, were very pertinent and forceful, supporting the decision an the first hearing to the effect that the notice was sufficient, under the facts and circumstanes, to hold the insurer liable.
Our brothers of the Orleans Circuit seem to be divided on the question as will appear from reading the cases of Edwards v. Fidelity Casualty Co., 11 La. App. 176, 123 So. 162, and Jones v. American Mutual Liability Ins. Co. et al., La. App., 185 So. 509, while our brethren of the Second Circuit seem to be agreed that a failure on the part of the injured person to give the required notice within a reasonable time has the effect of relieving the insurance company. Howard v. Rowan et al., La. App., 154 So. 382. In that case a delay of 44 days was held to be unreasonable.
While not directly involving the point here under consideration, it seems to me that the decision and expressions of the Supreme Court in the recent case of Davies et ux. v. Consolidated Underwriters, 199 La. 459, 6 So.2d 351, 357, have considerable bearing on the present case. In the cited case there was a provision in the policy that the insured could extend the coverage in the policy to any person using the insured's car with his permission by giving the company notice to that effect within thirty days after presentation of a claim. An injury was caused by a nephew of the insured while driving the car with the permission of the insured, and the company was notified of the accident and the facts and circumstances connected therewith, as well as the name of the driver of the car, immediately after the accident, but no written direction was given the company within thirty days by the insured for coverage on the driver as required by the policy in order to cover the latter. The court held that, under the circumstances, the company could not require as against a third party suing the insurance company in a direct action under Act 55 of 1930, that the insured comply with the letter of the condition to extend the coverage to the driver, as the company had knowledge of the accident and the fact as to who was driving the car; that the statute which gives an injured person a direct action against the insurer expresses the public policy of the State that an insurance policy against liability is not issued primarily for the protection of the insured but for the protection of the public.
The conclusion can hardly be drawn from what was said in the above case that the Court meant to hold that an injured third party suing the insurer under the Act of 1930, would not be bound by lawful provisions in the policy, but it did mean to hold that as to a third party a liberal construction is to be placed on a compliance with those provisions of the policy relative *Page 772 
to notice and other procedural requirements. This is indicated by the following quotation from the opinion in that case: "Frequently the insured is financially irresponsible and the only recourse of a person injured by the negligence of the insured is against his insurance carrier. But rarely has the injured party knowledge as to who may be the insurer of the party responsible for his injuries. It is therefore not within his power to give a notice as required by the policy and the enforcement of a policy provision requiring notice to be given by the insured automatically and without any action on his part deprives him of the right of action granted by law. It is not desirable that he should be divested of such action, and that result should not obtain except in a very clear case. This is not such a case. By maintaining plaintiffs' action, the defendant company is not deprived of any substantial right. Its liability remains contingent and is dependent upon proof of the negligence of Stahl, the driver of the automobile."
Stated in concise form, my opinion is that as between the insurer and an injured third party suing under Act 55 of 1930, lawful provisions in the policy requiring notice of the accident to be given the insurer within a reasonable time are binding on the third party under the express provisions of the Act, but a more liberal construction relative to delayed notice, the reason for the delay and lack of prejudice to the insurer should be given in deciding whether or not the notice was sufficient than would be the case where the insured himself brings the action or seeks protection under a contract made by him directly with the insurer, and on whom these requirements are directly placed.
It cannot be said that this rule of construction would be unfair to the insurer because it must be assumed that when an insurance company writes a public liability policy it does so with full knowledge of the liability to the public under the provisions of Act 55 of 1930, and that it is the public policy of this State to look upon such policies primarily as protection to the public; that the public has nothing to do with writing these requirements in the policies for the protection of the insurance company, and in order to effectuate the purpose of such insurance, the procedural requirements made conditions precedent to recovery must be liberally construed in favor of an injured third party, particularly where no prejudice results to the insurer.
Applying these principles to the facts and circumstances in the present case, the notice given the insured was sufficient, and I therefore respectively dissent from the majority opinion.