ROYAL INDEMNITY CO. v. OLMSTEAD.
No. 12691.

United States Court of Appeals,
Ninth Circuit.
Dec. 17, 1951.

9. See Sen.Rep.No.1503, 79th Cong., 2d Sess., 1946 U.S.Code Cong.Serv. pp. 1386, 1387.

Tripp & Callaway and F. B. Lopardo, Los Angeles, Cal., for appellant.

C. Paul DuBois, Los Angeles, Cal., for appellee.

Before MATHEWS, STEPHENS and ORR, Circuit Judges.

ORR, Circuit Judge.

At all times pertinent here one Jordan was engaged in the car rental business in the city of Pasadena, California. By ordinance, duly enacted, the city of Pasadena required all those engaged in the car rental business within its boundaries to carry liability insurance. In compliance with the requirements of said ordinance Jordan secured a policy of insurance from appellant. This policy insured against loss the car owner and the person to whom a rental was made. Jordan rented a car to one Richard-

son who, while driving the rented car, struck and injured appellee Olmstead. Thereafter Olmstead instituted suit in a state court of California seeking damages from Jordan and Richardson. A default judgment was entered against Richardson in the sum of $31,014. This amount included $25,000 for personal injuries and $6,000 for loss of earnings and expenses incurred. Subsequent to the entry of the default judgment against Richardson a stipulated judgment in the sum of $3,500 was entered against Jordan, this with the knowledge and consent of the appellant. This sum was paid Olmstead and proper satisfaction of the stipulated judgment was duly entered.

The instant case was brought in the United States District Court to collect from the appellant, in its capacity as insurer, the Richardson judgment. The trial court entered a summary judgment in favor of appellee. It found the limit of the appellant's liability under the policy to be $20,000, and from this amount deducted the sum of $3,500 which appellant had paid appellee in satisfaction of the judgment against Jordan, leaving a balance of $16,514.

The motion for summary judgment was accompanied by a motion to strike certain defenses set up by appellant in its answer. The policy in suit contained requirements that insured owner and the driver give the insurer notice of accidents in which his rented cars were involved as well as a requirement that the insured "co-operate with the company and, upon the company's request attend hearings and trial and assist in effecting settlements, securing and giving evidence, obtaining the attendance of witnesses and in the conduct of the suits." ▮ Compliance was made a condition precedent to any action against the company. The company attempted to defend below by alleging that Richardson had failed to comply with the terms of the policy by refusing to cooperate with the company and by failing to give the required notice. All reference to such defense was ordered stricken from the answer by the trial court. As a general rule, unless a policy can be construed as creating an independent right of action in the injured party,[1] his right to recover, being derivative, normally is subject to any defense the company may have against the insured. The rule prevails in California, Hynding v. Home Accident Ins. Co., 214 Cal. 743, 7 P.2d 999, 85 A.L.R. 13. An exception to the general rule has been made in situations where the insurance policy was issued to satisfy the requirements of a statute having as its purpose the protection of the public. Under such circumstances the beneficial purpose of compulsory insurance would be thwarted in the event the insurer be permitted technical defenses under the policy relating to conditions wholly outside the ability of the injured person to secure performance of. Hence, it has been held that in cases involving compulsory insurance the insurer cannot urge lack of cooperation by the insured as a defense in a suit brought by an injured member of the public within the class sought to be protected by statute. Cf. Kruger v. California Highway Indemnity Exch., 201 Cal. 672 258 P. 602; Hynding v. Home Accident Ins. Co., supra; Gillard v. Manufacturers' Ins. Co., 93 N.J.L. 215, 107 A. 446. The policy with which we are here concerned was issued to comply with the requirements of a Pasadena ordinance providing that in order to engage in the car rental business the owner must have, " * * * (5) * * * secured and paid in advance the annual premium upon an insurance policy whereby the insurer agrees to be liable for the death of or injury to any person resulting from negligence in the operation of any such drive-yourself vehicle by any person using and operating the same with the permission, express or implied of such owner. Except as hereinafter provided, the liability of such insurer as provided in such policy shall be for not less than $15,000 for personal injuries to one person * * * ; provided, however, that said policy shall be deemed to comply with the provisions of this subsection in the event one policy is filed as herein provided to cover the minimum amounts of lia-

---

1. Cf. Metropolitan Casualty Ins. Co. v. Albritton, 214 Ky. 16, 282 S.W. 187.

bility on any and all drive-yourself vehicles rented, leased, operated or used in the city of Pasadena by any one owner; * * *. The insurance policy required by this subdivision shall provide that suit may be maintained against the insurer by any person injured under the circumstances mentioned in this subdivision."

■ Most of the cases dealing with this question involve statutes or policies specifically depriving the insurer of the kind of defense urged here. This is not so of the Pasadena ordinance but we think it sufficiently indicates a paramount purpose to provide compensation to members of the public for injuries caused by impecunious drivers and owners in the car rental business and precludes such defense as lack of cooperation. Cf. Ott v. American Fidelity & Casualty Co., 161 S.C. 314, 159 S.E. 635, 76 A.L.R. 4.

■ Appellants urge that while the policy may be treated as one required by law as to accidents occurring within the geographical confines of the city of Pasadena, it may not be so construed as to include accidents happening outside the city boundaries. The California legislature has delegated to local authorities the power to regulate the operation of vehicles for hire. California Vehicle Code, § 459(b). The business covered by the policy was conducted in Pasadena and the car involved in the accident was rented there. The ordinance requires that the policy cover vehicles " * * * rented, leased, operated or used in the city of Pasadena * * *." Nowhere does the policy in terms restrict appellant's liability to accidents occurring in said city of Pasadena. It is a rational assumption that in enacting the ordinance it was contemplated that cars rented in Pasadena, without restriction as to route, most probably would be driven outside the corporate limits, and undertook to protect all members of the public receiving injury from negligently operated cars. This must be so when it is realized that Pasadena is part of the Los Angeles metropolitan area within whose confines there is great fluidity of movement with crossing of corporate boundaries, the usual result of driving in that locality. In the absence of specific provisions to the contrary we think the accident in the present case was within the purview of the ordinance. As was said in Croft v. Hall, 208 S.C. 187, 37 S.E.2d 537, 539; "The result [a holding that the policy required by city ordinance was effective outside the corporate limits] is not giving extraterritorial effect to the ordinance. It was passed for the very patent purpose of providing financial protection to the users of taxis [rental cars] licensed by the city for transportation of the public. That such use often entails travel beyond the city limits is within common knowledge."

Certain Massachusetts cases are cited by appellant in support of its contention that the insurance policy cannot be held to be compulsory as to accidents occurring outside the city limits. The Massachusetts cases are distinguishable upon the ground that the Massachusetts statute expressly confined liability to accidents upon the ways of the commonwealth. Mass. Laws Ann., ch. 90, § 34A.

Appellant contends that a genuine issue of a material fact was tendered; hence, the entry of summary judgment was error. We have examined the pleadings, interrogatories and admissions before the trial court at the time it ordered the entry of summary judgment and find this contention of appellant to be without merit.

■ The statute imposing liability on owners of automobiles for damage occasioned by drivers of their rented vehicles requires that the driver have the express or implied permission of the owner to use the car. California Vehicle Code, § 402. Throughout the pleadings and other documents filed appellant has maintained that Richardson was not driving the car with the permission of the owner at the time the accident took place. However, appellant admitted that the vehicle in question was rented to Richardson and that the rental agreement was in effect on the day of the accident. This situation establishes consent on the part of the owner. To the interrogatory, " * * * to what extent was the Packard automobile not being driven * * * at the time of the collision * * * with * * * permission

and consent," appellant stated: "This defendant is unable to answer this interrogatory since it has no information or belief \* \* \*." No genuine issue of fact is raised by such an answer and, further, it is not sufficient to destroy the force and effect of permission to use and drive which is implied in the rental agreement.

■ The motion for summary judgment presented certain issues of law which appellant urges were erroneously decided. By the terms of the policy the insurer became obligated to pay $15,000 on account of personal injuries and $5,000 on account of property damage liability. The trial court held that the limit of liability for the accident in question was $20,000 and accordingly used that figure as the base upon which to compute liability. This was error. The judgment against Richardson in the trial court included $25,000 for personal injuries and found that " \* \* \* plaintiff's estate and property was injured, wasted, destroyed, taken or carried away on account of expenses in the sum of $4,357 and on account of loss of earnings in the sum of $1,643 \* \* \*." The policy defines bodily injury liability as including " \* \* \* damages for care and loss of services because of bodily injury \* \*," and property damage liability as including " \* \* \* injury to or destruction of property including loss of ˙use thereof." All the items of damage recovered against Richardson in the state court suit were clearly bodily injury damages within the meaning of the express terms of the policy. Since appellee has suffered only bodily injury damages, as defined by the policy, the insurer's maximum liability was $15,000, and that figure should have been used.

■ The remaining argument advanced by appellant is that the judgment against Richardson was satisfied. This argument is in effect as follows: The driver and the owner of a car are both made liable for the consequences of a single act, viz.: the driver's negligence; hence, owner and driver should be treated as joint tort-feasors. The general rule is that when a plaintiff secures satisfaction of a judgment against one joint tort-feasor, judgments against other joint tort-feasors are thereby deemed satisfied. In the present case the appellant recovered separate judgments against Richardson and Jordan. He accepted satisfaction of the judgment against Jordan; therefore, as a matter of law, it is urged the judgment against Richardson was satisfied. The satisfaction of judgment rule relied on by appellant is based on the assumption that the purpose of tort liability (at least in negligence cases) is compensatory; therefore, a plaintiff should have but one recovery for ˙the injuries suffered. Hence, satisfaction of one judgment fully compensates the injured party.

California has held that when a plaintiff who recovers judgments in amounts, one larger than the other, receives payment of the larger judgment the smaller is thereby satisfied. Butler v. Ashworth, 110 Cal. 614, 43 P. 4, 386. We have been unable to find that California has adopted the rule which seems to have been applied in certain other states that satisfaction of the lesser also satisfies the greater,[2] but, be that as it may, the instant case falls outside the joint tort-feasor rule of satisfaction.

■ Under California law the owner of a car is not liable for all the damage caused by the driver; his liability is limited to a maximum of $5,000 for personal injuries. California Vehicle Code, § 402. Thus, where both driver and owner are joined in the same suit, if the damages found are $5,000 or less, the jury would be required to return identical verdicts against the defendants. Kerrison v. Unger, 135 Cal.App. 607, 27 P.2d 927. If the damages assessed are greater than $5,000 then the judgment against the owner would be limited to $5,000, Sparks v. Berntsen, 19 Cal.2d 308, 121 P.2d 497. In such a case the payment of the $5,000 by the owner would only satisfy the judgment against the driver pro tanto. Carners v. Pacific Gas & Electric Co., 21 Cal.App.2d 568, 69 P.2d 998, 70 P.2d 717.

---

2. Irwin v. Jetter Brewing Co., 101 Neb. 409, 163 N.W. 470; Randall v. Fenton Storage Co., 121 Pa.Super. 62, 182 A. 767, by implication; Sarine v. Maher, 187 Misc. 199, 63 N.Y.S.2d 241; Restatement, Torts, § 886, Comment a.

456

In the usual case an adjudication that the owner of a vehicle is liable to the injured party for a sum less than $5,000 would mean that the judgment represents, in the estimation of the particular court or jury, the plaintiff's total permissible recovery of damages. However, the judgment against the owner in the instant case cannot represent an adjudication of the total amount of damages suffered by appellee because it was a judgment stipulated by the parties in open court. The amount of the judgment simply indicates the parties' determination of the proportion of the appellee's damages which the owner should pay. In other words, the judgment was, in effect, a compromise by appellee of his claim for *part* only of the damages incurred. His claim for the total amount of damages was not satisfied by the payment of such a judgment. Cf. Restatement, Torts, § 886(b).

It is urged that the trial court erred in refusing to permit appellant to amend its answer after the summary judgment had been entered. This was a matter within the discretion of the court and we are unable to say that the court's discretion was abused.

The judgment is modified so as to strike therefrom the sum of $5,000 allowed by the trial court as property damage.

As modified the judgment is affirmed.