JOSEPH HARROD and another *v.* JOHN BURGESS and another.

The holder of a promissory note cannot proceed by attachment against an endorser, previous to maturity. The obligation of the endorser may never become absolute ; the drawer may pay, or, in the event of his failure, the endorser be discharged by the omission of demand, protest, or notice.

A judgment rendered in a State court against a party declared a bankrupt under the act of Congress of 1841, and to whom an assignee had been appointed, without such assignee having been made a party, is a nullity.

A District Court of the United States has no power to revise any decision rendered by a State court.

The assignee of a bankrupt under the act of Congress, of 19 August, 1841, may come into the State courts, for the purpose of protecting the interests confided to him.

APPEAL from the District Court of the First District, *Buchanan,* J.

GARLAND, J.   The plaintiffs represent, that the defendants are the endorsers on a promissory note drawn by one Whipple, and not yet due.   That the drawer is insolvent, and has left the State, and that the defendants, as such endorsers, will be ultimately liable, and that they (the plaintiffs,) are apprehensive the said endorsers will dispose of their property, and leave the State. They prayed for an attachment against them, which was accorded.   Under it a quantity of merchandize was seized, which being perishable, was sold by the Sheriff, and the money retained by him.   The defendants moved to dissolve the attachment on the grounds, that they reside permanently in the State, and have no intention of leaving it.   That they are not indebted to the plaintiffs, and may never be, as their liability is conditional only ; that the affidavit is untrue, the bond insufficient ; and that the attachment issued wrongfully, and contrary to law.   They also excepted, that the action was premature, and could not be maintained, as the liability was contingent and not fixed ; wherefore they prayed, that the suit might be dimissed.   The exception, and motion to dissolve having been overruled, the defendants answered by a general denial.   Louis F. Fourcher, then intervened, alleging, that he was the owner of the store occupied

by the defendants, and had leased it to one Justamond, under whom they held it. That the sum of $500, was then due to him as landlord, and a further sum of $1166 66, would become due between that time and the expiration of the lease, for which sums he had a privilege on the goods seized, or their proceeds if sold. Wherefore he prayed for a judgment, allowing his claim and privilege, and that he might be paid in preference to the plaintiffs. The plaintiffs answered, by denying the claim of the intervenor, and asserting their preference in virtue of the attachment. The defendants answered the intervention by a general denial also. The plaintiffs had a judgment, with a privilege on the proceeds of the property attached, and the intervenor also had a judgment against the defendants for $500, and his privilege for that sum was recognized. The plaintiffs, as to this part of the case, asked for a new trial, which, being assented to by the counsel for the intervenor, they withdrew their demand by permission of the court, notwithstanding the opposition of said counsel. On the day this last judgment was signed, and sometime subsequent to the signing of that between the plaintiffs and defendants, Wm. H. White presented his petition, alleging, that the defendants had been declared bankrupts in the District Court of the United States, and that he had been appointed their assignee. That the proceedings in bankruptcy, had been pending during the whole time of those between the plaintiffs, the defendants, and the intervenor. That in virtue of his appointment as assignee, all the actions, rights, and property of the defendants, were vested in him fully, and that he is the lawful owner thereof. He, therefore, prays, that the plaintiffs, the intervenor, and the Sheriff, who had the money in possession, may be cited, and that it be ordered that the funds in the Sheriff's hands be delivered and paid to him. It was admitted that the defendants had gone into bankruptcy as alleged, but both the plaintiffs, and intervenor, continued to assert the validity and legality of their proceedings and judgments, and the supremacy of their respective liens. Upon the trial of this opposition, or intervention, the court ordered, that all the proceedings in the case should be transferred to the District Court of the United States for the Eastern District of Lou-

isiana, for the purpose of adjusting the rights and privileges on the fund in controversy.

From the judgment allowing Louis F. Fourcher only $500, he appealed, and from that, on the opposition of White, the assignee of the defendants, Fourcher also appealed.

In this court no counsel has appeared for the plaintiffs. That of the assignee of the defendants has assigned, as errors apparent on the face of the record :

1st. That the attachment ought to have been set aside, on the ground, that the defendants were not indebted when it issued, and might never become so, their liability as endorsers being contingent only.

2d. That there was error in overruling the exception of the defendants, to the suit as premature, no right of action having accrued.

3d. That there was error in allowing the plaintiffs costs previous to the 1st of April, 1842, as the liability of the defendants was not fixed until then, and no action could be prosecuted, until after the party was liable.

The assignee also asserts, that there is no error in the judgment upon his opposition, and he asks, that it be affirmed.

The errors assigned may be considered together, for they all rest upon the same question—were the defendants so liable, on their endorsement for Whipple, as to authorize legal proceedings against them? We think they were not. The suit was commenced against them on the 19th March, 1842, and the note did not become due until the 1st of April following. The obligation of the defendants was dependent on several contingencies. It was possible the drawer of the note might pay it. If he did not, then the plaintiffs were bound to make a demand, a protest, and to give notice to the defendants. The omission of either demand or notice, would have been fatal to the rights of plaintiffs, and such omissions are not unfrequent. The remedy resorted to by the plaintiffs is a harsh one, and they must be held to it strictly. We can see neither justice, or law, in permitting the holder of a promissory note to resort to an attachment against the endorser, previous to the maturity of it. We think the Judge erred in over-

ruling the motions to dissolve the attachment, and to dismiss the suit.

The principal action being disposed of, as a general rule the remainder of the case should share its fate ; but independent of this, there is another objection to the proceedings, so far as it respects the intervenor.   Before he appeared in the cause at all, the defendants had gone into bankruptcy, and before the judgment was rendered in his favor, they had been, by the United States District Court, declared bankrupts, and White had been appointed their assignee.   At the time when the judgment, from which the intervenor has appealed, was rendered, the defendants were incompetent to stand in judgment, and the assignee not having been made a party, said judgment is a nullity.   The suit from its commencement, has been carried on whilst the defendants were applying for the benefit of the bankrupt act without the slightest attention to those proceedings, which is in contravention of the decisions of this court, in the cases of *Fisher* v. *Vose*, 3 Robinson, 457, and *West* v. *His Creditors*, 4 Ib. 88.

The judgment of the District Court, on the opposition of the assignee, is somewhat unusual ; and, if it be taken literally, is probably not a final one.   It orders, that all the proceedings in this case, be transferred to the District Court of the United States for the Eastern District of Louisiana, for the purpose of its giving a judgment on the respective rights, and privileges of the parties.   This is not what any of the parties asked ; nor do we well see how the United States Court could examine into, and decide the matter, as there were judgments already rendered, fixing the sums owing to the plaintiffs, and intervenor, and settling their privileges.   These judgments the United States Court would, we suppose, respect, as it has no power to revise the decision of the State tribunal, and we know of no law, that authorizes the transfer of a case like this into the Federal Court.   We recently had occasion to say, that the assignee of a bankrupt, had a right to come into the State tribunals for the purpose of protecting the interests confided to him, and White might possibly have had relief if he had prosecuted his claims properly ; but he has not brought before this court Thielen, the Sheriff, who has in his possession the money in controversy, but has

prayed for an affirmance of the judgment, or order of transfer. The parties have made the case so confused, and the proceedings of all have been so irregular and illegal, that we are of opinion, justice will be best promoted by dismissing them all.

It is therefore ordered, and decreed, that the judgment which the plaintiffs, Harrod and Darling, have obtained against the defendants, Burgess and Laithe, be annulled and reversed, and that there be judgment as of nonsuit against them, with costs in both courts. That the judgment rendered in favor of the intervenor, Louis F. Fourcher, be also annulled and reversed, and his intervention dismissed, without prejudice, he paying the costs of it. And considering the order, or judgment transferring the case to the United States Court, as a final order of dismissal, it is affirmed with costs.

*Upton,* for the plaintiffs.
*Fraser,* for the defendants.
*Cohen,* for the assignee.
*Bodin* and *Pilié* for the appellant.