**BERNARD v. ÆTNA INS. CO.**
**No. 1235.**

Court of Appeal of Louisiana, First Circuit.
Oct. 5, 1933.

See, also, 145 So. 386.

St. Clair Adams and St. Clair Adams, Jr., both of New Orleans, for appellant.

A. W. Dalferes, of Lafayette, for appellee.

MOUTON, Judge.

Judgment was obtained by plaintiff against the Ætna Insurance Company, defendant, from which it took an appeal to this court. During the pendency of this appeal plaintiff died, but his widow and minor heirs were not made parties to the appeal when this case was first submitted to us.

Since then, in compliance with an order from this court, Leocadie Zimmerman, surviving widow of plaintiff, has been qualified as the natural tutrix of the minor children of her deceased husband, as appears from the documents filed in this court, and, by order of this court, the widow and minors have been authorized to prosecute this appeal, as parties plaintiffs.

Plaintiff, Antheole Bernard, in 1929, then an employee of the city of Lafayette, obtained a judgment in compensation against the city on May·15, 1929, which on rehearing was affirmed by this court in January, 1931. Bernard v. City of Lafayette, 15 La. App. 572, 132 So. 395.

A writ of fieri facias was issued on that judgment against the city, was returned nulla bona, or unsatisfied, and this suit was brought by plaintiff, now deceased, against the defendant, the Ætna Insurance Company, for recovery of the amount decreed in that judgment.

The district judge rendered judgment in favor of Antheole Bernard as prayed for, from which defendant company has appealed.

Defendant company filed the two following exceptions herein:

1. That any legal right or cause of action that may have existed in plaintiff against defendant is barred by the prescription of one year.

2. That plaintiff's petition does not show a legal right or state a legal cause of action against defendant.

After making due reservation of its rights under the exceptions, defendant answered on the merits.

In its answer, defendant admits that its contract of insurance with the city of Lafayette contained provisions conforming to the requirements of section 23· of Act No. 20 of 1914, as amended by Act No. 85 of 1926, but that any right or cause of action plaintiff might have against defendant under the provisions of section 23 of Act No. 20 of 1914, as amended by Act No. 85 of 1926, is barred by the prescription of one year, the accident having occurred in 1927, and this suit having been filed October 13, 1931.

In the answer, after denying that the city of Lafayette was in financial distress and could not pay the judgment obtained by Antheole Bernard against it, as alleged in plaintiff's petition, defendant pleads as follows:

"That if it be true that the City of Lafayette is insolvent or that any execution upon aforesaid judgment for compensation has been returned unsatisfied, then plaintiff, under the provisions of section 25 of Act 20 of 1914 as amended by Act 85 of 1926, only has the right to enforce his claim against defendant to the same extent that the City of Lafayette could enforce its claim against defendant had it paid said judgment, and, defendant specially pleads that the City of Lafayette had it paid said judgment, could not enforce its claim against defendant for the following reasons, to-wit;

" (a) That aforesaid policy contract provides as follows, to-wit;

"(F) This Employer, (referring to the City of Lafayette) upon the occurrence of an acci-

dent, shall give immediate written notice thereof to the company with the fullest information obtainable. He shall give like notice with full particulars of any claim made on account of such accident. If, thereafter, any suit or other proceeding is instituted against this employer he shall immediately forward to the company every summons, notice or other process served upon him. Nothing elsewhere contained in this policy shall relieve the employer of his obligations to the company with respect to notice as herein imposed upon him."

It is then alleged in the answer that the city of Lafayette failed to give defendant notice, either verbal or in writing, as above stipulated in the contract of insurance.

It is also alleged in the answer that counsel for defendant notified Mr. George Leslie, attorney who defended the city of Lafayette against the claim of plaintiff herein, also the mayor of the city, that he would defend that suit with a reservation of the rights of defendant company under the policy; that he requested his name be entered as counsel of record; that the case against the city was tried without any notification to him; and that he was not aware that the suit had been tried until this court had rendered its decision in the case.

We shall first direct our attention to the exceptions of no cause of action and of the prescription of one year; and, finally, to the defense based in the alleged derelictions of the city of Lafayette in failing to give defendant company notice of the accident, etc.; and to the failure of the attorney of the city of Lafayette to comply with the requests of counsel for defendant, as above stated.

Section 23 of Act No. 20 of 1914, which defendant admits is embodied in the contract of insurance, says that every policy of insurance shall contain "the agreement of the insurer that it will promptly pay to the person entitled to compensation all installments of the compensation that may be awarded or agreed upon," etc.

■ Evidently, this provision in section 23 refers to an award made by the court upon the joint petition of the employer and employee or an amicable settlement between them, as provided for in section 17 of that act (as amended by Act No. 38 of 1918); or to an award which has been made by the court after litigation according to the provisions of section 18 of that statute (as amended by Act No. 85 of 1926).

This is again indicated by the concluding portion of section 24 of that act, which reads as follows: "And the insurer shall in all things be bound by and subject to the awards, judgments or decrees rendered against such insured."

■ Under sections 23 and 24 of that statute, we find that plaintiff had a cause or

right of action against defendant on the judgment he had obtained against the city of Lafayette.

The next defense is that the action is prescribed by the prescription of one year, as the suit was instituted more than one year after the accident, under section 31 of the statute (as amended by Act No. 85 of 1926).

This section says that all claims of the character asserted in this case shall be prescribed "unless within one year after the accident, proceedings have been begun as provided in Sections 17 and 18 of this act."

Sections 17 and 18 of that act make no reference whatsoever to the insurer, and refer exclusively to the method of procedure to be followed where an agreement is reached between the employer and employee, or where no amicable settlement can be obtained for compensation. Obviously, such settlement, made either amicably or by litigation, has no reference to the insurer, and he is not included in the prescriptible period mentioned in section 31 of the act.

Section 23, as we have above stated, says that the insurer shall pay to the person entitled to compensation all installments of the compensation that may be "awarded."

■ Evidently, this section means the compensation awarded against the employer, and, as the insurer is obligated to pay that award promptly, it follows that he is bound to a solidary obligation with the employer to pay the amount awarded. Besides, under that section the insurer is bound by a direct obligation to the person entitled to the compensation, and so is the employer obligated under section 2 of the act (as amended by Act No. 85 of 1926). They are therefore bound for the same thing and to the same extent and are in law obligors, in solido, as is pointed out in the opinion of the district judge.

■ It is not disputed that the suit was brought by plaintiff against the city of Lafayette before a year had elapsed from the date of the accident. As the city and the defendant company were debtors, in solido, the suit filed by plaintiff had the effect of interrupting prescription as to defendant. C. C. article 3552.

■■ In the defense on the merits, counsel for defendant refers to that part of the provisions of section 25 of the act, where, after referring to the execution of judgment against the employer being returned unsatisfied, the act says: The employee shall enforce his claim to payments "against the insurer of such employer to the same extent that the employer could have enforced his claim against such insurer had he made such payments," etc.

The contention of counsel for defendant is that, because of the failure of the city of Lafayette to give notice to defendant com-

pany, as hereinabove referred to, and on account of the failure of Mr. Leslie, attorney for the city, to accede to the requests of counsel for defendant, also above mentioned, due to these derelictions of duty on the part of the city and its attorney, the city could not have enforced its claim against the insurer, defendant company, had it paid the judgment rendered against it in favor of plaintiff, its employee.

The contract of insurance was entered into between the city of Lafayette and defendant, the insurer, for the protection of the employees of the city. There is nothing in that contract, in the Act No. 20 of 1914, as amended by Act No. 85 of 1926, or in any other statute on this subject of which we are aware, which imposed on either plaintiff or employee the obligation of giving the notice which defendant contends should have been given to it by the city of Lafayette.

In the case of Edwards v. Fidelity & Casualty Co. of New York, decided by the Orleans Appellate Court, 11 La. App. 176, 123 So. 162, the court said: "Failure of assured to notify liability insurer of the accident as required by policy does not deprive person injured of right of action 'within the terms and limits of the policy.'"

That decision is based on Act No. 253 of 1918, which provides that no policy should be issued unless it contained a provision to the effect that the insolvency or bankruptcy of the assured should not relieve it from liability, and that, in case of such insolvency, an action may be maintained within the terms and limits of the policy.

The contention of counsel is that the language used in section 25 of Act No. 20 of 1914 is different from the language employed in the act of 1918, where it says that the right of the employee to recover is only to the "same extent" as the employer.

We are unable to see any conflict between the provisions of the two acts in reference to the terms of the policy or that any modification of the provisions of section 25 of Act No. 20 of 1914 has resulted from the provisions in the statute of 1918. We find nothing in the provisions of section 25, or within the terms and limits of the policy in contest, that could have deprived plaintiff from maintaining his action because of the failure of the city to give the notice required under the insurance contract.

We think that the ruling of the Orleans appellate court applies to the issues of this case, and that this lack of notice cannot affect the rights of plaintiff.

In so far as defendant company complains of the conduct of attorney of the city in failing to apprise its attorney of the trial of the case against the city, etc., we cannot see how such failure could possibly have affected the rights of the deceased employee or plaintiff herein, either under the policy or the statutes.

If the defense had been made and it could have been proved that the judgment against the city had been obtained through fraud or collusion between the city and plaintiff, defendant might contend in such case that, though the city had paid the judgment, it could not recover against it under section 25 of Act No. 20, 1914. There was, however, no suggestion whatsoever of collusion or fraud in the original trial of this case between plaintiff and the city of Lafayette, and none in this suit. As far as the city attorney, Mr. Leslie, is concerned, the history of the case shows that he obtained a reversal in this court of the judgment which had been rendered by the district judge in favor of the plaintiff, which shows that the case had been properly conducted by him in the interest of the city, and, as the result of his services, indirectly in the interest of the defendant company. It was on rehearing in this court that the judgment first rendered by it was reversed, and on the evidence of the original trial.

This court is asked without any charge of fraud or collusion, without any contest on that issue, and with no proof whatsoever of either fraud or collusion to reject this demand, because, in section 25 of Act No. 20 of 1914, the right of the employee to recover is only to the "same extent" as the employer.

We cannot agree to the contention of counsel for defendant on this issue, nor on the other issues involved in this case, which we find, have been correctly solved by the judgment rendered below, and which is therefore affirmed, with cost in favor of the surviving widow and the heirs of the deceased, plaintiff, and who are now the plaintiffs and appellees herein.