## MYERS v. ROTHSCHILD. *
### No. 4847.

Court of Appeal of Louisiana.
Second Circuit.
June 29, 1934.

Dimick & Hamilton, of Shreveport, for appellant.

Harry V. Booth, of Shreveport, for appellee.

MILLS, Judge.

Plaintiff is claiming of defendant compensation under Act No. 20 of 1914, as amended, less payments made to him by defendant's insurer, the Union Indemnity Company, upon the following agreed statement of facts:

"1. That B. A. Rothschild is a resident of Caddo Parish, Louisiana, and employed the plaintiff on or about October 23, 1930, as alleged by plaintiff.

"2. That the occupation was a hazardous one and plaintiff was receiving $7.00 per day as alleged.

"3. That the plaintiff was injured on or about October 23, 1931, in an accident which arose out of his employment.

"4. That B. A. Rothschild, at the time, carried a policy of insurance in the Union Indemnity Company, of New Orleans, in compliance with the Employer's Liability Act, and im-

*Rehearing denied July 16, 1934.

mediately after the said accident the same was reported to said insurance company, who took same up directly with the plaintiff without consulting with defendant, and for a period beginning October 23, 1931, and ending December 15, 1932, paid defendant compensation for all liability, during which period plaintiff dealt with the insurer alone and no demand was made upon defendant, and defendant was not informed as to whether or not plaintiff was being paid, and considered the matter as settled.

"5. The accident occurred in Oklahoma where plaintiff remained for six weeks after the accident, and all negotiations relative to compensation while plaintiff was in Oklahoma were carried on between plaintiff and the insurer alone, and defendant did not know when plaintiff returned to Louisiana.

"6. That in January, 1933, more than 26 months after the accident, the Union Indemnity Company was placed in receivership, or became insolvent, and discontinued payments, and for the first time since the accident plaintiff began making demands upon defendant for payment.

"7. It is agreed that should the court find that the plaintiff is entitled to recover, such judgment should be limited to the sum of $10.-00 per week, not to exceed 400 weeks, subject to payments of compensation up to December 15, 1932. It being for the best interest of plaintiff that he reduce the amount of compensation due him by reason of the financial condition of the defendant. This in no wise to prejudice his rights to claim the full amount from the Receiver of the Union Indemnity Company."

Section 31 of the Compensation Act reads: Be it further enacted, etc., "That in case of personal injury (including death resulting therefrom) all claims for payments shall be forever barred unless within one year after the accident or death of (sic) the parties shall have agreed upon the payments to be made under this Act or unless within one year after the accident, proceedings have been begun as provided in Sections 17 and 18 of this Act. Where, however, such payments have been made in any case, said limitations shall not take effect until the expiration of one year from the time of making the last payment." As amended by Act No. 85 of 1926.

Based upon the fact that suit was brought more than a year after the accident and that all payments or agreements as to payments were made or entered into between the insurer and plaintiff without his knowledge or con-

sent, defendant filed a plea of prescription under the provisions of said section 31. This plea was overruled.

An exception of no cause or right of action was, without objection, referred to the merits and not directly passed upon by the court. Upon the merits, judgment was rendered in favor of plaintiff according to the terms agreed upon in the statement. Defendant has appealed.

Defendant's counsel in their brief take the position that the only question presented is that of prescription which for its decision depends upon whether the obligation of defendant and his insurer toward plaintiff is several or in solido. We consider this question closed so far as this court is concerned by the decisions in the two following cases: Dodd v. Lakeview Motors, Inc. (La. App.) 149 So. 278; Bernard v. Aetna Ins. Co. (La. App.) 150 So. 305—wherein, under the same state of facts, we squarely held the obligation to be in solido and that interruption as to one such debtor interrupts as to all.

The judgment appealed from is accordingly affirmed.