163 So. 129

### JONES v. SHEHEE–FORD WAGON & HARNESS CO., Inc., et al.

No. 33,387.

July 10, 1935.

Rehearing Denied Aug. 30, 1935.

Kennon & Kitchens, of Minden, for Franklin A. Jones.

Irion & Switzer, of Shreveport, for Continental Casualty Co.

Dickson & Denny, of Shreveport, for Shehee-Ford Wagon Co.

Deutsch & Kerrigan & Burke, of New Orleans, Fred G. Benton, Dudley L. Weber, and Dewey J. Sanchez, all of Baton Rouge, Laycock & Moyse, of Baton Rouge, and Spearing & McClendon and Wm. H. McClendon, Jr., all of New Orleans, amici curiæ.

O'NIELL, Chief Justice.

A Ford car belonging to the Shehee-Ford Wagon & Harness Company, and driven by an employee of the company, ran into a truck on which Franklin A. Jones was riding, and inflicted bodily injuries upon him, for which he brought this suit against the Shehee-Ford Company and the liability insurer, Continental Casualty Company. Jones asked for a judgment against the defendants in solido for $7,500, and by amendment of his petition increased his demand to $11,500. The Continental Casualty Company filed a plea of prematurity, which the judge overruled, and which has been abandoned. The Continental Casualty Company filed also an exception of no cause or right of action, alleging that the Shehee-Ford Company had breached the contract of insurance by failing to report the accident to the Continental Casualty Company until the 12th of July; the accident having happened on the 16th of June, and the policy containing this condition: "The Assured shall

give to the Company, or its authorized agent, immediate written notice of any accident causing loss covered hereby and shall also give like notice of claims for damages on account of such accidents." The exception of no cause or right of action was submitted without the offering of evidence, and was overruled by the judge. The defendants then, separately, filed answers, exactly alike, denying that the driver of the Ford car was guilty of negligence, and, in the alternative, pleading that he was not an employee of the Shehee-Ford Company, but an independent contractor. After trial of the case on its merits, the judge gave judgment for Jones against the defendants in solido for $2,212.50, with legal interest from judicial demand. Both of the defendants appealed to the Court of Appeal for the Second Circuit. Jones, answering the appeals, asked for an increase of the amount of the judgment. In the Court of Appeal the defendants conceded that the accident was caused by negligence on the part of the driver of the Ford car, but insisted that he was not an employee of the Shehee-Ford Company but an independent contractor. The Continental Casualty Company urged in the Court of Appeal the denial of liability on the ground that the Shehee-Ford Company had breached the contract of insurance by failing to give the insurer immediate notice of the accident. The Court of Appeal affirmed the judgment against the Shehee-Ford Company, but reversed the judgment and rejected the demand against the Continental Casualty Company, on the ground that the Shehee-Ford Company

had breached the contract of insurance by failing to give the insurer prompt notice of the accident. The Shehee-Ford Company then made application to this court for a writ of review, complaining not only of the judgment condemning the Shehee-Ford Company to pay damages, but also of the judgment releasing the Continental Casualty Company from liability. This court refused to issue a writ to review the judgment condemning the Shehee-Ford Company to pay damages, on the ground that the judgment in that respect was correct, but granted a writ to review the judgment declaring the Continental Casualty Company not liable. Jones then applied for a writ to review the judgment, as far as he was concerned. The writ was granted.

■ The Continental Casualty Company has filed a motion to dismiss or recall the writ which was issued at the instance of the Shehee-Ford Company, on the ground that the Shehee-Ford Company did not, in its pleadings in the district court, ask that a judgment should be rendered against the Continental Casualty Company in the event that a judgment should be rendered against the Shehee-Ford Company. Inasmuch as the case is before us now on the writ which was issued at the instance of the plaintiff, Jones, as well as on the writ which was issued at the instance of the Shehee-Ford Company, we doubt that it would be of any avail to the Continental Casualty Company if we should recall or dismiss the writ which was issued at the instance of the Shehee-Ford Company. The motion to dismiss or recall the writ, however, is not well founded. It was

not necessary for the Shehee-Ford Company, in its answer to the suit, to ask that a judgment should be rendered against the Continental Casualty Company, as insurer, in the event that a judgment should be rendered against the Shehee-Ford Company. It was sufficient that Jones had sued the Continental Casualty Company as insurer, under the provisions of Act No. 55 of 1930. If an insured is compelled to pay a judgment rendered against him and the insurer in solido, under the provisions of Act No. 55 of 1930, in a suit on a public liability insurance policy, the insured has his recourse against the insurer; but the insurer merely discharges his obligation to the insured if the insurer pays such a judgment. Our opinion, therefore, is that the Shehee-Ford Company has a direct interest in attempting to have the Continental Casualty Company held liable in this suit for the amount of the judgment in favor of Jones.

The main question in the case is whether the Shehee-Ford Company breached the contract of insurance by failing to report the accident immediately. It appears that Jones and the Shehee-Ford Company paid little or no attention to that issue in the case—or perhaps did not consider it to be an issue in the case—after the Continental Casualty Company's exception of no cause or right of action was overruled. An exception of no cause of action, or a demurrer, of course, does not require or admit of evidence to support it. But the so-called exception of no right of action, in this case, was in fact a special plea that the insurer was not liable because of the alleged breach of the contract of insurance. Hence it was incumbent upon the Continental Casualty Company to offer proof of the alleged breach of the contract, if the company intended to insist upon the plea. When the plea was submitted without any evidence to support it, the judge had no alternative but to overrule it. And, as the plea was not repeated in the Continental Casualty Company's answer to the suit, Jones and the Shehee-Ford Company were justified in believing that the overruling of the plea had put an end to it, as far as the district court was concerned. The only testimony that was offered, on the subject of notice of the accident being given to the Continental Casualty Company, was the testimony of C. A. Shehee, president of the Shehee-Ford Company, given in answer to three questions put to him by an attorney representing both the Continental Casualty Company and the Shehee-Ford Company. The attorney asked the leading question: "This accident occurred on June 16th?" Mr. Shehee replied: "I think so." The attorney then asked Mr. Shehee when he had reported the accident to Mr. James Smith, agent for the insurance company. One of the attorneys for Jones interposed an objection, which, if recorded accurately, was not quite appropriate. The judge ruled that the objection had reference to the effect of the evidence, and admitted the evidence subject to the objection. Mr. Shehee answered: "I reported it to Mr. Smith on the day I received the letter from the attorney [for Jones] at Minden. That is the first I knew of it." The witness was shown the letter written by Jones' attorney, dated the 12th

of July, making demand for damages; and the witness identified the letter as being the one which he had reference to. He testified that the wife of the driver of the Ford car telephoned to the Shehee-Ford Company on the night of the accident that there had been an accident, but did not say that any one had been injured or that any damage had been done. There was another attorney representing the Shehee-Ford Company in the trial, besides the attorneys who represented also the Continental Casualty Company; but it appears that neither he nor the attorneys representing Jones got the impression that the attorneys representing the Continental Casualty Company were attempting to prove a breach of the contract of insurance. For that reason no other evidence was offered to show whether the Continental Casualty Company was informed of the accident soon after it happened, or before the attorney for Jones made demand for damages, on the 12th of July. We do not consider the evidence to be sufficient to prove a breach of the contract in that respect.

Under policy contracts similar to the one before us, the law does not require the insured to give notice to the insurance company of an accident unless the insured has reason to believe that the accident has caused or will cause loss covered by the policy. See Blashfield's Cyclopedia of Automobile Law, vol. 3, p. 2663, and the decisions cited. The condition in the policy itself, which we have quoted, requires notice to be given only "of any accident causing loss covered hereby." As soon as the insured, in this case, was informed

that the accident had caused a loss covered by the policy, the insured gave notice to the insurer. That was a substantial if not literal compliance with the condition of the policy. The word "immediate," when used in such "Conditions" in policies of insurance, does not mean "instant." It means within a reasonable time, or without unnecessary delay, and it admits of a reasonable excuse for some delay. Blashfield's Cyclopedia of Automobile Law (9th Ed.) vol. 33, p. 2662; Huddy's Cyclopedia of Automobile Law (9th Ed.) vol. 13-14, § 154, p. 186 et seq. The policy itself, in this case, so provides. Immediately following the clause which we have quoted, is this: "Failure to give any notice required to be given by this policy within the time specified herein shall not invalidate any claim made by the Assured if it shall be shown not to have been reasonably possible to give such notice within the prescribed time and that notice was given as soon as was reasonably possible." In this instance the insured gave notice to the insurer immediately when the insured received notice that the accident was one "causing loss covered" by the policy. If the insured was negligent in not finding out sooner that the accident had caused a loss covered by the policy, it was incumbent upon the insurer to plead and prove such negligence on the part of the insured. Our conclusion is that the insurer in this case did not prove a breach of the contract of insurance.

This conclusion makes it unnecessary to consider the question whether a breach of a contract of public liability insurance, by a failure of the insured to give the in-

surer immediate notice of an accident, should defeat the right of action of the injured person, as well as the right of action of the insured, under the provisions of Act No. 55 of 1930,

The attorneys for the Continental Casualty Company argue that the granting of a writ of review on the petition of Jones has reopened the question whether the driver of the Ford car was an employee of the Shehee-Ford Company, or an independent contractor. That is the only defense that was relied upon in the Court of Appeal, on the merits of the case. The evidence on the subject is conclusive and undisputed that the driver of the Ford car was employed as a salesman for the Shehee-Ford Company, at a regular salary, and not on a commission basis, and that in the rendering of his services he was under the direction and control of his employer, and was subject to discharge if he did not obey the directions of his employer. That means that he was not an independent contractor, but an employee.

Jones contends that the amount of the judgment should be increased. In damage suits coming to this court on writs of review we never amend a judgment as to the amount, except perhaps in rare cases where the amount allowed in the judgment complained of is manifestly too small or too large. That is not the case here.

The judgment of the Court of Appeal is set aside, and the judgment of the district court is reinstated and made the final judgment of this court, at the cost of the defendant Continental Casualty Company.