In this suit, plaintiff seeks a judgment against LeBlanc Brothers, a partnership, and the individual members thereof, in solido, in the sum of $1,056, with 8% per annum interest thereon from August 11, 1938, and 20% thereon as attorney's fees, with recognition of chattel mortgages and liens on three certain motor vehicles.
Plaintiff alleges that he is the holder and owner, before maturity of two certain promissory notes, dated August 11, 1938, each for the sum of $528, made and executed by one J.W. Edwards, payable to the order of the maker and by him endorsed in blank, with 8% per annum interest from date, and providing for the payment of 20% attorneys' fees, said notes being payable in installments of $44 per month, beginning one month after date; that the said notes are secured by chattel mortgages, executed by the said J.W. Edwards, on three motor vehicles and which said chattel mortgages were duly recorded in the Parish of St. Landry. *Page 117 
Plaintiff further alleges that, notwithstanding the acts of mortgage contain the pact de non alienando clause, the said J.B. Edwards, on August 11, 1939, sold and delivered the mortgaged property to LeBlanc Brothers, a partnership composed of J. Burton LeBlanc, Jesse E. LeBlanc and W. Hardie LeBlanc; that in the said act of sale, the said LeBlanc Brothers specially assumed and promised to pay the notes and mortgages, and though amicably demanded to pay the same they have neglected and refused to do so; that in these circumstances plaintiff is entitled to sue the said LeBlanc Brothers and the individual members of the said partnership on their solemn assumption and promise to pay, and to have the liens and privilege rights recognized and enforced; that while the notes sued upon (the payment of which was specially assumed by the said LeBlanc Brothers) are described in the act of sale from Edwards to LeBlanc Brothers as being held by Universal Credit Company, this statement is erroneous, as they were in truth and in fact held by the plaintiff, such statement having been made in error of the true facts.
Plaintiff annexed to the petition certified copies of chattel mortgages from Edwards to Booth Motor Co., Inc., of which plaintiff appears to have been the President. However, he failed to annex to the petition a certified copy of the sale from Edwards to LeBlanc Brothers, in which it is alleged that LeBlanc Brothers had specially assumed the notes declared upon in this suit.
In answer to a prayer for oyer, plaintiff filed a certified copy of the sale from Edwards to LeBlanc Brothers. From this sale, it appears that Edwards sold to LeBlanc Brothers twelve motor trucks, with some other equipment, among which were the three trucks on which plaintiff claims to have chattel mortgages. The act recites that the consideration of the sale is: (1) The return and cancellation of a certain note executed by Edwards, dated May 20, 1939, payable to his own order and by him endorsed, in the sum of $3,500, payable on or before one year after date, bearing interest at the rate of 8% per annum interest from date, and providing for 10% attorneys' fees, secured by a chattel mortgage. Although the act does not specifically disclose who held this note, it can be safely assumed that LeBlanc Brothers held the same and that it was secured by a chattel mortgage on the property transferred. (2) The assumption by LeBlanc Brothers of the note or notes held by the Universal Credit Company and secured by a chattel mortgage on the twelve trucks transferred and which chattel mortgage is in the name of the Booth Motor Company, Inc.
In the said act of sale is also this clause: "The vendor herein certifies to the fact that he is the sole and only owner of the above described property and that there are no other mortgages or liens existing against the said property except those hereinabove mentioned."
The defendants filed exceptions: 1. "That plaintiff's petition does not state a right of action. 2. That plaintiff's petition does not state a cause of action." These exceptions were filed on September 23, 1940. On October 26, 1940, the defendants amended and supplemented their exception of no right of action in the following:
1. "That plaintiff's petition does not state a right of action, in that, LeBlanc Bros. did not assume and promise to pay the notes and mortgages herein sued on by Plaintiff; that the assumption in the Act of Sale dated August 11, 1939, from Jake W. Edwards to LeBlanc Bros., passed before Jared Y. Fontenot, Notary Public, (a certified copy of which said Act of Sale is filed in the record) was personal to the Universal Credit Company and did not run in favor of any other person; that LeBlanc Bros. intended to and did assume only the indebtedness owed Jake W. Edwards to Universal Credit Company and in line with their assumption paid the indebtedness owed by Jake W. Edwards to Universal Credit Company; that there was no error in the assumption as recited in the said Act of Sale, as LeBlanc Bros. were advised and believed that Jake W. Edwards was indebted only to Universal Credit Company, and, in line therewith it was their intention to and they did assume only the indebtedness owed by Jake W. Edwards to Universal Credit Company and to no other person."
On November 13, 1941, on motion of the plaintiff, the exceptions were fixed for trial on December 18, 1941, at which time the exceptions were taken up. On the trial of the exception of no right of action, the plaintiff, prior to the introduction of any evidence by the defendants to substantiate the exception, entered a general objection to such evidence for the following reasons: *Page 118 
1. That the alleged grounds of said exception are in reality a defense on the merits and not properly the subject of evidence on the exception.
2. That the exception is not to the capacity of plaintiff as such to bring suit on the note sued upon, together with the supporting chattel mortgage and assignment.
Such objection was overruled by the trial court. The District Court, in his written reason, held that evidence was admissible under the exception of no right of action, and after hearing the evidence, sustained the exceptions of no right and of no cause of action and dismissed plaintiff's suit. Plaintiff has appealed.
In this court plaintiff complains of the action of the trial court in admitting evidence on the exceptions of no cause and of no right of action. In this, he is mistaken, in that the lower court only allowed the evidence to be introduced under and to be considered in the determination of whether or not the exception of no right of action should be sustained. The trial court, in his opinion, states that the exception of no cause of action was tried on the face of the papers. It is now well settled that no evidence is admissible on the trial of an exception of no cause of action; and, as stated by the plaintiff, it only remains to determine whether the court was authorized to admit the evidence and dismiss plaintiff's suit on the supplemental and amended plea of no right of action.
Article 15 of the Code of Practice states: "An action can only be brought by one having a real and actual interest which he pursues, but as soon as that interest arises, he may bring his action." This is the true and real basis of an exception of no right of action; the exception is also referred to as an exception of want of interest. In the case at bar, plaintiff alleged that the defendants had specially assumed the notes sued upon in a certain act of sale. A certified copy of the act of sale was filed in answer to a prayer for oyer. In this act, it does not appear that plaintiff's notes have been specially assumed as alleged. This act controls plaintiff's allegation. However, plaintiff contends that he has made an allegation of error in fact and therefore is entitled to show that defendants have assumed the debts and which goes to the merits of his case.
Our courts have held that evidence is admissible in support of an exception of want of interest or of no right of action, even to contradict the allegations of the petition.
In the case of Jones v. Shehee Ford Wagon Harness Co.,183 La. 293, 163 So. 129, 131, Chief Justice O'Neill states: "An exception of no cause of action, or a demurrer, of course, does not require or admit of evidence to support it. But the so-calledexception of no right of action, in this case, was in fact aspecial plea that the insurer was not liable because of the alleged breach of the contract of insurance. Hence it wasincumbent upon the Continental Casualty Company to offer proof ofthe alleged breach, of the contract, if the company intended toinsist upon the plea." (Italics ours).
In the case of Soniat et al. v. White, Tax Collector et al.,153 La. 424, 96 So. 19, the Supreme Court approved the action of the trial judge in permitting the defendants to file in support of their exception of no right of action a copy of the minutes of a town where one of the allegations in the petition was that the ordinance imposing the tax was not passed by a yea and nay vote. The effect of permitting defendants to introduce the ordinance was to disprove the allegations of fact in the petition on which plaintiffs relied to enjoin the collection of the alleged illegal tax.
The exception of want of interest or of no right of action may be availed of where there is involved the question of the interest or of the right of the plaintiff to assert the cause of action. It is afforded to the defendant as a means of challenging preliminarily either the interest or the right of the plaintiff to assert the cause of action against him. It is not limited to a want of capacity of plaintiff as such to bring the suit, such as a married woman bringing a suit on a community claim or some one bringing a suit on behalf of someone else who is not qualified or appointed to do so, and therefore lacked the authority to sue and stand in judgment, as contended by the plaintiff in this case.
Be that as it may, even admitting that evidence should not have been admitted on the trial of the exception of no right of action, we find no error in the admission of the evidence for the reason that the plaintiff had specifically made the allegation that the defendants had "specially assumed" the payment of the notes sued upon, and, through error, the notes had been described as being held by the Universal Credit Company when in truth and in fact they were held by him, and these *Page 119 
facts were categorically denied by the defendants in their plea. Issue was joined between the parties, which is all that is required by the Code of Practice. It may not be a technical following of our "Practice and Pleading Act", but was sufficient to join issue with plaintiff, and afforded him ample opportunity to prove his case. It served the purpose of an answer and certainly under that view the evidence was admissible.
The evidence adduced on the trial of this plea (exception of no right of action, want of interest or in the nature of an answer), after due fixing by the plaintiff himself, shows that Edwards owed, at the date of the sale, to the Universal Credit Company a balance of $1,618.60 secured by a chattel mortgage on twelve trucks, three of which were burdened by chattel mortgages securing the notes declared upon; that the chattel mortgage in favor of the Universal Credit Company was dated September 22, 1939, and was for the original sum of $3,947.70 and had been reduced to the sum of $1,618.60; that defendants know of this chattel mortgage and in fact had made some payments thereon for Edwards who was and had been "trucking" for them prior to the sale; that defendants were not aware of any other outstanding notes executed by Edwards and secured by any mortgage or mortgages securing the same on only three of the trucks purchased by them; that the defendants paid the assumed obligation to the Universal Company and that no error in their assumption was made.
For these reasons, the judgment appealed from is affirmed.