HAWTHORNE, Justice
 

 (dissenting).
 

 In my opinion, the case of Jones v. Shehee-Ford Wagon & Harness Co., Inc., et al., 183 La. 293, 163 So. 129, is not authority for the majority holding in this case that the notice given was sufficient to comply with the conditions and terms of the policy, for the terms and conditions as to the requirement of notice in the policy in that case are entirely different from the terms and conditions in the policy as to notice in the instant case.
 

 In that case the policy contained the condition that “The Assured shall give to the Company, or its authorized agent, immediate written notice of any accident
 
 causing loss covered hereby
 
 and shall also give like notice of claims for damages on account of such accidents.” (All italics ours.) There the insured gave notice to the insurer some 26 days after the accident,
 
 as soon as he had knowledge that the accident had caused loss covered by the policy.
 
 We held that this was a substantial compliance with the provisions of the policy with reference to the giving of notice of the accident.
 

 In the case here under consideration, the pertinent provisions of the policy of insurance are as follows:
 
 "Upon the occurrence of an accident
 
 written notice shall be given by or on behalf of the insured to the company or any of its authorized agents
 
 as soon as practicable.”
 

 Act SS of 1930 provides that “the injured person or his or her heirs, at their option, shall have a right of direct action against the insurer company within the terms, and limits of the policy * * *,” and further provides that it is “the intent of this act that any action brought hereunder shall be subject to all of the lawful conditions of the policy contract and the defenses which could be urged by the insurer to a direct action brought by the insured; provided
 
 *28
 
 the term and conditions of such policy contract are not in violation of the laws of this State.”
 

 The majority opinion holds that the plaintiffs' right of action under the act has not been lost by the failure of the insured to give notice of the accident until some 82 days after it occurred (1) because the insured had reasonable ground to believe that no claim would be made until he was informed to the contrary some time in June, the accident having occurred on March 31; (2) because there was no substantial prejudice to the defendant, and (3) because no element of fraud, collusion, or bad faith existed.
 

 Conceding all of these things to be true, I cannot agree with this conclusion, for in my opinion, under the facts in this case notice of the accident was not given as soon as practicable, or within the terms and limits of the policy.
 

 To me, under the facts of this case, the reasons given in the majority opinion for the decision that the plaintiffs have not lost their right to sue the defendant would be just as applicable to, and full authority for, the same decision if no notice of the accident had been given whatsoever, which certainly would be contrary to the plain terms and conditions of the policy.
 

 One of the main objects and purposes of Act 55 of 1930 is to give to the injured person a right of direct action against the insurer, and it may be that the enforcement of a provision in a policy requiring notice by the insured of the accident as a prerequisite of suit under Act 55 of 1930 would have the effect of depriving the injured third person of such direct action, thereby defeating the very purpose, object, and intent of the legislature in adopting the act. But, to allow recovery in a case where notice has not been given, it would be necessary to hold that the words in the statute “within the terms, and limits of the policy” and “lawful conditions of the policy,” as used therein, do not refer or have application to a provision in a policy of insurance requiring the giving of notice of an accident by the insured; or, in other words, that the provisions of the policy requiring notice are not within tire meaning of the words “terms, and limits” and “lawful conditions” as used in the act. However, on this point, I express no opinion, for, as I interpret the jurisprudence of this state and the holding in this case, the giving of notice as provided for in the policy of insurance here under consideration is a prerequisite of suit under Act 55 of 1930, and therefore, under such interpretation, there must be compliance with the terms and provisions of the policy with reference to such notice.
 

 In my opinion, therefore, the decision of the Court of Appeal, First Circuit, reported in 23 So.2d 765, is correct and should be reinstated and made the judgment of this court.
 

 I respectfully dissent.