I am unable to agree with the reasoning and conclusion reached by my colleagues that, under the circumstances of this case, the plaintiffs' right to recover against the insurer
(under Act No. 55 of 1930) has been lost by the twelve months delay on the part of the policyholder in giving notice of the accident to his insurer.
In the case of Edwards v. Fidelity Casualty Co. of New York, 11 La. App. 176, 123 So. 162, 163, the Orleans Court of Appeal held that the failure of the insured to give notice of the happening of the accident did not preclude recovery by the injured party on the ground that to hold otherwise would make the injured party's rights under the statute (authorizing direct action) of doubtful value, because the existence of theright in one person depends upon the actions of another.
I quote from that opinion: "But, argues defendant, the statute itself provides that such action as the injured party may maintain shall be 'within the terms and limits of the policy,' and since the policy requires notice, and since no notice was given in this case, this action is not brought within the terms and limits of the policy. We think that the words 'terms and limits of the policy' were not intended toinclude the requirement of notice, but referred only to the amount which might be recovered and to those other warranties and conditions with which it was within the power of plaintiff to comply." (Italics mine.)
The Court in that opinion further noted that, except in rare cases, the party injured by the negligence of another has no knowledge as to whether or not the other is insured and having no knowledge as to whether there is any insurance at all, he certainly has no knowledge as to who the insurer may be, if there is one. In answer to the contention made by the attorneys for the casualty company in the Edwards case that it works a hardship upon the insurer to defend a case about which it knew nothing for a long time after the occurrence of the accident, the Court said: "* * * we think that the ends of justice require that the benefit of the doubt should be given to the injured party, who is in no way at fault, and whose loss was caused entirely by some one else, as against the insurer who has entered into the contract with full knowledge of the statute and for a monetary consideration."
The Supreme Court of Louisiana held in the case of Jones v. Shehee-Ford Wagon Harness Co., Inc., et al., 183 La. 293,163 So. 129, 132, that the twenty-three day delay — under the circumstances of that case — was not unreasonable in view of the fact that the insured notified the liability carrier immediately upon receipt of notice that a claim would be made. The opinion in that case, while discussing the question of notice generally, specifically excluded a ruling on the bearing that delayed notice had on the question of liability as between the injured party and the insured, as can be noted from reading the following extract from the opinion: "This conclusion makes it unnecessary to consider the question whether a breach of a contract of public liability insurance, by a failure of theinsured to give the insurer immediate notice of an accident, should defeat the right of action of the injured person, as well as the right of action of the insured, under the provisions of Act No. 55 of 1930." (Italics mine.)
In the case of Jackson et ux. v. State Farm Mutual Automobile Insurance Co., 211 La. 19, 29 So.2d 177, the Supreme Court held that — under the facts and circumstances of that case — the eighty-two day delay of the insured in giving notice did not cut off the right of the injured party to recover against theinsurer. The insured was not made a party defendant and the opinion of the Supreme Court in that case did not hold directly that the injured party may retain a cause of action against the insurer even though the insured — by his negligence in reporting the accident, etc. — may have lost the protection granted him under the policy. However, the Court did say — after holding *Page 627 
in effect that the insured was justified in delaying giving notice to the company (after being assured by the parents of the young child that no claim would be made) — that plaintiffs' case was strengthened by the fact that the action was one brought directly by the injured party against theinsurer under Act 55 of 1930.
Counsel for the casualty company has urged here the same point made in the dissenting opinion in the Jackson case, namely, that the direct right of action given the injured party by Act No. 55 of 1930 is subject to the provision of the statute which provides that the action in favor of the injured party shall be "within the terms, and limits of the policy," and it seems difficult to reconcile the reasoning of the Court in the Edwards case, supra, and the necessity of enforcing the statutory requirement that the suit by the injured party must be within the terms and limits of the policy. However, the Supreme Court did not grant a writ in the Edwards case, in which the Court held that the legislative intent was that theoriginal liability of the insurance carrier to the injuredparty is to be determined "within the terms, and limits of the policy," and that the requirement of notice was not included in the quoted clause. Thus, if the offending car, though insured, was driven by a person unauthorized to drive under the termsand limits of the policy, the injured party would have no right against the insurance carrier. However, if at the time of injury, the circumstances are such that, under the terms andlimits of the policy, the insurance carrier is liable, the rights of the injured party against the insurer under Act No. 55 of 1930 become fixed as of the moment of injury. This personal, statute-given right of the injured party against the insurance carrier is one which he can only lose, as indicated in the Edwards case, by his own acts, or by his own failure to act. The rights under the policy, as between the policyholder and his insurer are, after the accident, still subject to the further provisions of the policy relative to notice and other action which the policy may require of the insured, who of course, has a copy of the contract of insurance and who has, at least by implication, consented to all its terms and conditions. Such a line of reasoning would recognize that a different situation exists as between the insurer and the injured party, between whom there is no contractual relationship.
As indicated in the reasoning of the Edwards case, the injured party might be deprived entirely of the benefits granted him by Act No. 55 of 1930 were the Courts to hold that any and every failure of the insured, after the accident, to comply with every exacting requirement of the policy would defeat recovery by the injured party. For instance, the insurance company might put a condition in the policy that telegraphic notice of an accident must be given to its home office within twenty-four hours of its occurrence and in the event of failure to give such notice, the policy protection would not cover the accident. The policyholder, being in possession of the policy, would at least have the opportunity of finding out that such a telegram was necessary and protect his rights, but the injured party, after the accident, is often in the hospital, or if less fortunate, he may have lost his life, and he or his heirs may be some days or weeks becoming familiar with the full facts surrounding his injury. The injured party or his heirs have no copy of the contract of insurance and may not even know for many weeks that such a policy was in existence, much less what its its terms and conditions require.
The record shows that the deceased child's father was working in California at the time plaintiffs' daughter was killed. The plaintiffs took their case to an attorney within two weeks after the accident. The record shows that a complete investigation by the attorney's office was delayed until the return of one of the younger members from military service some months later. There is not the slightest indication of any collusion between plaintiffs and the defendant bakery company. There is not even any evidence in the case that the casualty company was prejudiced in the preparation of their case by the delayed notice. Nothing in the record or the majority opinion indicates that the plaintiffs deliberately delayed bringing the suit or that any of the parties had any unlawful or uncommendable *Page 628 
motive in connection with the delay in the giving of notice or filing of the suit.
There can be no hard and fast rule upon which to base a decision in cases involving delayed notice. Each case of this sort should be decided upon its own facts and circumstances in such a manner as to carry out the legislative intent expressed in Act No. 55 of 1930.
I come to the conclusion that, under the facts and circumstances of the case before us, the plaintiffs have not lost their right of action against the casualty company, and therefore respectfully dissent.