LE BLANC, Justice
(dissenting).
To fortify its position and to support its ruling the majority opinion relies, among others, on a dissenting opinion on the rehearing in the case of Duncan v. Pedarre, 164 So. 498, decided by the Court of Appeal for the First Circuit in 1935, and quotes at length from it. It is rather significant that the author of that dissenting opinion was the author of the majority opinion for that same Court in the case of Jackson v. State Farm Mutual Automobile Insurance Company, La.App., 23 So.2d 765, in which he commented on his dissenting opinion in the Duncan v. Pedarre case, making it evident that his dissent was based on the evidence that the assured in that case was not fully informed of the fact that the accident had caused the loss covered by “the policy and what was the extent of the injury that had been sustained; but as soon as he was so informed and a claim for damages had been made on him, he had given notice to the insurer. The opinion prepared by him in Jackson v. State Farm Mutual Automobile Insurance Company leaves but little doubt that he considered the giving of notice as *221 required under the policy as a condition precedent to recover, even though in that case the suit had been brought by someone other than the assured. It is true that the case of Jackson v. State Farm Mutual Automobile Insurance Company was reversed on review by this Court but I deem it necessary to make these comments in order to substantiate my position as one of the concurring judges in the opinion rendered by the Court of Appeal.
I have not deviated from that position and find no reason to do so at .this time in the case under consideration for I fully concur in the reasons assigned by Justice McCaleb in his dissenting opinion that when Act 55 of 1930 by its own terms expressed its intent as being “that any action brought” under its provisions “shall be subject to all of the lawful conditions of the policy contract and the defenses which could be urged by the insurer to a direct action brought by the insured; * * * ” that that language meant exactly what it said; that any action meant any form of action that may be brought under the terms of the Act by anyone having a right or cause of action and that to such action the insurer could urge any and all defenses arising under the conditions of the policy the same as they could be urged by it in an action brought by the insured. For these reasons I respectfully dissent.