82 So.2d 80 (1955)
Andrew L. LETEFF, Plaintiff,
v.
MARYLAND CASUALTY CO. et al., Defendants.
No. 4055.
Court of Appeal of Louisiana, First Circuit.
June 30, 1955.
Rehearing Denied September 15, 1955.
Writ of Certiorari Denied November 7, 1955.
*81 H. Alva Brumfield, Weber & Weber, Durrett & Hardin, Baton Rouge, for plaintiff.
Taylor, Porter, Brooks, Fuller & Phillips, Baton Rouge, for defendants.
TATE, Judge.
Andrew L. Leteff, plaintiff, instituted this personal injury suit against Leslie W. Ventress, Jr., allegedly negligent driver of the car in which he was riding at the time of the accident, and against Maryland Casualty Company as co-defendant. After hearing evidence, the trial judge sustained the exception of no right and cause of action filed by defendant Maryland Casualty Company based upon the insurer's contention that the station wagon driven by Ventress, in which plaintiff was passenger, involved in the accident was not included within the terms of the policy coverage of the liability insurance issued by Maryland Casualty Company.
Plaintiff appeals from the dismissal of his suit as to Maryland Casualty Company. Defendant Ventress has also filed a brief in this court in support of plaintiff's position, namely that the policy in question protected him against liability in the premises.
Maryland Casualty Company had issued a liability policy to Leslie W. Ventress, Jr. covering his operation of a Chevrolet pickup *82 truck. When Ventress, Jr. was involved in the accident, he was driving the Plymouth station wagon belonging to his father, Leslie W. Ventress, Sr. The basic problem involved is the construction and application of the "drive other cars" coverage (Insuring Agreement V) providing that the insurer would be liable during the policy term for its named insured's negligence when driving other cars, with certain exclusions and exceptions. Factual evidence was taken concerning the ownership of the vehicle involved in the accident, concerning whether or not the vehicle was "regularly used" by the insured, and concerning whether or not the insured was a member of the same "household" as the owner.
Before any evidence was taken, both plaintiff and codefendant Ventress, Jr., objected to the admission thereof on the ground that the exception filed by defendant insurer was in reality an exception of no cause of action, although denoted as an exception of no right and of no cause of action.
It is well settled that there is a distinction between the exception of no right of action, and the exception of no cause of action. As stated in Roy O. Martin Lumber Co. v. Saint Denis Securities Co., 225 La. 51, 72 So.2d 257, at pages 258-259:
"Generally speaking, an exception of no right of action serves to question the right of a plaintiff to maintain his suit, i. e., his capacity to sue or his interest in the subject matter of the proceeding, whereas an exception of no cause of action addresses itself to the sufficiency in law of the petition and the exhibits attached thereto. Outdoor Electric Advertising v. Saurage, 207 La. 344, 21 So.2d 375; Termini v. McCormick, 208 La. 221, 23 So.2d 52 and Bartholomew v. Impastato, La.App., 12 So.2d 700. The latter is triable entirely on the face of the papers, while evidence may be received under an exception of no right of action for the purpose of showing that plaintiff does not possess the right he claims or that the right does not exist. Soniat v. White, 153 La. 424, 96 So. 19; Schmidt v. Conservative Homestead Association, 181 La. 369, 159 So. 587; Duplain v. Wiltz, supra [La.App., 174 So. 652] and La Casse v. New Orleans, T. & M. R. Co., 135 La. 129, 64 So. 1012."
Unquestionably, after stating the alleged facts of Ventress' negligent operation of the motor vehicle causing the damages complained of, plaintiff has stated a cause of action, as summarized in Article XI of his petition:
"That on and prior to August 30, 1953, there was in full force and effect, by the payment of premiums and otherwise, a policy of public liability insurance issued by the defendant, Maryland Casualty Company to Leslie W. Ventress, Jr., defendant herein, whereby it contracted to insure and hold Harmless the said Leslie W. Ventress, Jr. from any and all claims for damages occasioned by his use, operation and maintenance of the automobile herein described which said policy of insurance was issued and delivered in the State of Louisiana."
But defendant states plaintiff has no right of action because the policy coverage does not include its insured's operation of the car in question at the time of the accident. Admitting this is a borderline situation, and that policy reasons favoring separate trial of separate issues and elimination of a party by exception before a protracted trial would favor a counter result (although the policy against trial of cases by piecemeal favors this result), we nevertheless feel that this defense goes to the merits, or to the existence of a cause of action against defendant. The arguments urged by defendant insurer as to the lack of a right in plaintiff to sue the insured would be equally valid if, for instance, plaintiff alleged he was struck by the car insured by defendant and driven by its insured; and defendant's exception of no right of action was based on the defense that plaintiff was struck by another car driven by other than its insured, and claimed that under said exception evidence could be educed on a trial separate from the merits.
In our opinion, in neither case is the right of plaintiff to institute the suit subject *83 to an exception of no right of action with facts outside the petition provable by separate trial in advance of trial on the merits. The exception of "no right of action" is properly speaking the exception of "want of interest" and addresses itself to the person or capacity of the plaintiff instituting the suit; it is the exception of no cause of action which raises the question of whether any one at all in the shoes of the plaintiff could institute suit. See McMahon, "The Exception of Want of Interest", 11 Tulane Law Review 527. As stated by this court recently in an opinion extensively discussing the question and reversing the trial court's admission of evidence on an "`exception of no right of action'", the evidence "did not in any sense relate `to the person of the plaintiff' or `to whether plaintiff belongs to the particular class in whose exclusive favor the law extends the remedy'. The testimony introduced relates more properly to the merits of the action and we do not believe it to be admissible under the exception of no right of action. Counsel for plaintiff made timely objection to the introduction of all evidence relating to notice and we think that same should have been sustained not only as to the exception of no cause of action but as to the so called exception of no right of action as well." Vegas v. Cheramie, La.App. 1 Cir., 69 So.2d 66, at page 68. See also, Martino v. Fairburn, La.App. 1 Cir., 71 So.2d 358.
Admitting the issuance of the policy with the "drive other cars" clause, the evidence presented by defendant insurer was factual to prove the car in question driven by its insured at the time of the accident was excluded from the policy coverage. It is not denied that had its insured been driving the same car under other circumstances (such as living at another address), or driving other cars than the one in question at the particular time he did so, then the defendant's policy would have covered liability arising from the accident in question. Our inquiry herein therefore is not directed to the person or capacity of the plaintiff, but to whether or not under these facts any one had a cause of action. Thus defendant questions not plaintiff's right of action, but his cause of action. Plaintiff's objection to admission of any testimony should have been sustained, and defendant's exceptions of no right and cause of action should have been overruled.
We are reinforced in these conclusions by Judge McCaleb's learned discussion of these two exceptions, in which he states, Duplain v. Wiltz, La.App., 174 So. 652, at pages 654-655:
"The ground upon which the defendant bases her exception of no right of action is that she is not the owner of the property in which the plaintiff was injured. This question is purely one of fact and does not militate against plaintiff's legal right to maintain the action. If, on the trial of the merits of the case, it is decreed that, as a matter of fact, the defendant is not the owner of the premises, and therefore not responsible for the injuries resulting from its vices and defects, such finding will not be destructive of plaintiff's inherent right to sue the defendant, but will serve to show that the plaintiff was without justification or cause to enforce her right against the defendant. In other words, we think that there is a vast difference between the right of action, to which plaintiff is entitled as a matter of law, and the resultant liability vel non of the person against whom she causes this right to be asserted. The right to sue is conferred either by statute or the jurisprudence, whereas the cause to sue is legally determined after investigation of the facts presented. Here, the real challenge is not made to plaintiff's right to sue but is truly aimed against the legal lack of cause or reason for the action."
In opposition to these conclusions, defendant-appellee cites Jones v. Shehee-Ford Wagon & Harness Co., 183 La. 293, 163 So. 129; McCain v. Le Blanc Bros., La.App., 10 So.2d 116; Nyman v. Monteleone-Iberville Garage, Inc., 211 La. 375, 30 So.2d 123; Clostio's Heirs v. Sinclair Refining Co., La.App. 1 Cir., 36 So.2d 283. The Jones case [183 La. 293, 163 So. 131] *84 dealt with a "so-called exception of no right of action", raising initial laches under the policy as a defense, which was not reiterated in the answer filed by the defendant, and the effect thereof when plaintiff failed to produce further evidence in the trial on the merits; it is not determinative of the present proceedings. The McCain case [10 So.2d 119] specifically indicated that under the special circumstances of that case the exception "served the purpose of an answer and certainly under that view the evidence was admissible", further relying upon Soniat v. White, 153 La. 424, 96 So. 19. The Soniat case is authority for the proposition that a contract or document (resolution) which is the basis of plaintiff's cause of action is admissible in evidence under defendant's exception of no right of action, see Schmidt v. Conservative Homestead Ass'n, 181 La. 369, 159 So. 587; Duplain v. Wiltz, La.App., 174 So. 652, above cited; as perhaps it would be basis for defendant's introduction of the policy sued upon which is the basis of plaintiff's action herein, if the exception raised the proposition that defendant was not liable since the policy which was the basis of plaintiff's action sued upon provided that defendant was never liable when its insured was using any other car, not that in this particular instance its insured was not liable when using another car. In Clostio's Heirs, the learned judge ad hoc in reaching a conclusion contrary to our present one relied on the Soniat case's ruling permitting evidence to deny the existence under an exclusion clause of any right at all in plaintiff to sue. However, as remarked above, the Soniat ruling was limited to the introduction of the document itself upon which plaintiff's cause of action was predicated; for, broadly construed, plaintiff would have no right of action (no interest) if the insured's driver was not negligent at all, but of course under our procedure and jurisprudence, trial of all matters pertaining to the existence of liability on the part of defendant is held on the merits, rather than piecemeal, although initial evidence as to plaintiff's capacity (or interest as a matter of law) to institute the proceedings is authorized. The Nyman case is inapplicable because there the exceptions of no right and no cause of action were decided on the face of the pleadings.
We do not deny that the language and results in some of the above cited cases can be construed to favor exceptor's argument; but we feel our present decision dictated by consideration of the vast preponderance of the jurisprudence concerning the essential distinction between the exception of no right of action and the exception of no cause of action. "`Courts should see that each exception should be made to perform the function properly appertaining to it and not be allowed to have substitute for it.'" Baton Rouge Bldg. Trades, etc. v. T. L. James & Co., 201 La. 749, 10 So.2d 606, at page 609.
We do not mean to say that in the absence of objection to admissibility of such evidence, such evidence as to cause of action could not properly be considered in disposition thereof, or even that such procedure in given instances might not be a sensible method of eliminating issues or parties in advance of the trial on the merits. However, in the absence of legislative authorization of separate trials of separate issues, we feel that such piecemeal trials are neither favored nor authorized by our jurisprudence. And we feel that appellee herein has raised a question as to whether plaintiff has a cause of action against itself, which if it cannot be decided on the face of the pleadings, must be relegated to the trial on the merits for determination along with all the other factual issues.
For the reasons assigned the judgment appealed from is reversed and it is ordered that the case be remanded for trial in the court below; the cost of the appeal to be paid by the defendants and all other costs to await the final termination of the case.
Judgment reversed and case remanded.
Reversed and remanded.